## HOAD v. MACOMB CIRCUIT JUDGE.

1. DISMISSAL AND NONSUIT—LACK OF PROGRESS—STATUTE OF LIMITA-
   TIONS.

   Entry of an order dismissing a case for lack of progress is not
   controlled in and of itself by the fact that a new suit for
   the same cause of action is barred by the statute of limita-
   tions.

2. SAME—LACK OF PROGRESS—STATUTES—PARTIES.

   Statute requiring dismissal of causes in which no action has been
   taken or no progress made for more than one year unless cause
   be shown to the contrary is not limited to cases in which the
   cause is at issue as to all parties concerned (3 Comp. Laws
   1929, § 14253).

3. MANDAMUS—DENIAL OF REINSTATEMENT OF CAUSE DISMISSED FOR
   LACK OF PROGRESS—DISCRETION OF COURT.

   An order denying reinstatement of a case which had been dis-
   missed for lack of progress about a year and a half before
   reinstatement was sought will not be vacated unless it appears
   with reasonable certainty the circuit judge abused his dis-
   cretion in entering the order (3 Comp. Laws 1929, § 14253).

4. COURTS—DISCRETION OF COURT—ABUSE OF DISCRETION.

   Mandamus will not issue to interfere with the discretion of a
   trial court unless such discretion has been abused in the entry
   of an order within the discretion of the trial court.

5. DISMISSAL AND NONSUIT—REINSTATEMENT—DISCRETION OF COURT.

   The denial of the reinstatement of a cause after dismissal under
   the no progress statute is discretionary providing the dismissal
   is regular and within the statutory mandate (3 Comp. Laws
   1929, § 14253).

6. MANDAMUS—COSTS—REINSTATEMENT OF CAUSE DISMISSED FOR
   LACK OF PROGRESS.

   No costs are awarded upon denial of writ of mandamus to
   compel circuit judge to reinstate a cause which had been
   dismissed for lack of progress for more than a year, which
   dismissal had been made about a year and a half before
   plaintiff's attorneys learned of it and sought reinstatement.

Petition by William C. Hoad and others, doing business as Hoad, Decker, Shoecraft & Drury, for a writ of mandamus to compel James E. Spier, Macomb Circuit Judge, to reinstate a case dismissed for lack of progress. Submitted April 22, 1941. (Calendar No. 41,512.) Writ denied June 30, 1941.

*Burke & Burke,* for plaintiffs.

*Ivan A. Johnston,* Prosecuting Attorney, and *Howard R. Carroll,* Assistant Prosecuting Attorney, for defendant.

NORTH, J. In May, 1937, a mandamus proceedings entitled Hoad, et al. v. Wedge, et al., was instituted in the circuit court of Macomb county. On April 17, 1939, the circuit judge, acting under the statute, 3 Comp. Laws 1929, § 14253 (Stat. Ann. § 27.982), entered an order dismissing the Hoad suit for want of progress. The record discloses that plaintiffs' counsel were not aware of such dismissal until just shortly before December 4, 1940, on which date they filed a petition for reinstatement. The circuit judge denied the relief sought. In the present proceedings plaintiffs in the Hoad case seek mandamus to compel entry of an order for its reinstatement in the circuit court. Plaintiffs contend that the circuit judge's refusal to enter such order "constituted an unwarranted abuse of discretion;" and that unless relief is granted in the present proceeding they will suffer "irreparable injury."

Prior to 1930, the copartnership of Hoad, Decker, Shoecraft & Drury had performed extensive engineering services incident to the construction of a drain which affected Oakland, Macomb, Lapeer, and St. Clair counties. By action of the intercounty drainage board in June, 1930, the total claim, ap-

proximately $42,500, of the Hoad firm for its engineering services was apportioned among the four counties as follows: Oakland county $37,455.25; Macomb county $5,027.75; Lapeer county $9.78; St. Clair county $7.22. Litigation followed which was prosecuted to finality in this Court in January, 1937. Decision therein was adverse to the Hoad firm, but the decision involved procedural matters only. The merits of plaintiffs' case were not adjudicated. See *Hoad v. Van Wagoner*, 278 Mich. 600. In May, 1937, mandamus proceedings were instituted by the copartnership in Oakland county and Macomb county respectively. In each of these cases the members of the intercounty drainage board were made defendants along with the treasurers of the respective counties. Plaintiffs in the Macomb county case, out of which the instant proceedings arise, claim their attorneys entered into an oral agreement with the then assistant prosecuting attorney of Macomb county, to the effect that the Oakland county suit would first be disposed of and in substance that the Macomb county suit in the meantime would remain in abeyance. But on hearing of plaintiffs' motion to reinstate, the assistant prosecuting attorney, with whom the oral agreement was had, testified: "It wasn't my contemplation it would wait three, four years. I couldn't bind my successor. It was my contemplation that later on in the summer, later on in the fall it would probably come up." This oral agreement was had when the Macomb county case was first instituted against Wedge, et al.; and subsequently a written stipulation was filed "extending the case until September, 1937, but there was no written stipulation following that." The Oakland county suit was not tried, but after protracted negotiations was finally compromised and settled July 31, 1940. Thereupon

plaintiffs in the instant case through their attorneys began negotiations for settlement of the Macomb county suit; and such negotiations continued until late in November, 1940. It was at this time plaintiffs' counsel first learned that their suit in Macomb county had been dismissed for lack of progress; and as above noted they thereupon filed their petition for reinstatement, but the petition was denied, and this mandamus proceeding has followed.

Unfortunately plaintiffs' claim became barred by the statute of limitations June 4, 1937: This, plaintiffs urge, renders of more importance that the order of the circuit judge be reversed. Plaintiffs also point out that the Macomb county case was not at issue. As to the defendants, with one exception (the St. Clair county drain commissioner), none had entered an appearance or filed an answer. The assignment clerk of the circuit court of Macomb county testified the case had never been on any of the regular term calendars because it had never been praeciped as ready for trial. Further, one of plaintiffs' attorneys on the hearing of the petition for reinstatement testified in substance that he had no knowledge or recollection of having received or having seen the Macomb county circuit court docket for the April, 1939, term, evidently meaning the docket of the no progress cases; and that he was the attorney in active charge of plaintiffs' case; and further if he had been aware of the proposed dismissal he would have immediately taken "steps to have the case taken off the no progress docket." While the clerk of the Macomb county circuit court testified in substance that he had no definite recollection of having mailed a copy of the no progress calendar to plaintiffs' attorneys, still he testified the "practice is to mail them to all" attorneys appearing of record in the no progress cases, and "it is our

definite practice to see that a copy is mailed to all counsel of record. * * * The address of Burke & Burke appears in the Circuit Court Calendar, Calendar R, on page 20, Burke & Burke, Ann Arbor Trust Building, Ann Arbor.''

In behalf of defendant in the instant proceeding it is stressed that as to holding the Macomb county mandamus proceeding in abeyance until disposition of the Oakland county case, there was no written stipulation as provided by Court Rule No. 11 (1933); nor was there an agreement in open court; nor did plaintiffs take any steps to avoid dismissal of their case when it was placed upon the no progress calendar. It is also noted that in the interim since the oral understanding between plaintiffs' counsel and the assistant prosecuting attorney of Macomb county, there has been a change in the personnel of the prosecuting attorney's office.

Entry of an order dismissing a case for lack of progress is not controlled in and of itself by the fact that a new suit for the same cause of action is barred by the statute of limitations. We have affirmed such orders notwithstanding subsequent action was barred. *Robinson* v. *Washtenaw Circuit Judge,* 242 Mich. 548. Nor can we hold that the statute (3 Comp. Laws 1929, § 14253 [Stat. Ann. § 27.982]) which provides that ''All causes in which no action has been taken or progress made for more than one year unless by reason of the business of the court the same shall not have been reached, * * * *shall be dismissed* by the court for want of prosecution * * * unless cause be then and there shown to the contrary'' does not apply to a cause which is not at issue as to all parties concerned. The statute is not so limited; and so to hold would defeat or at least impair the purpose of the statute.

In disposing of plaintiffs' petition for reinstatement, the circuit judge who had before him the file in the case stated as follows:

"The next paper appearing in the file * * * is a mimeographed copy of [the] order dismissing for no progress, the face of this order bearing date of April 17, 1939, that it appearing no progress has been made in the above cause for more than one year and said cause has been duly listed in the circuit court calendar under that heading for the April term of this court and it further appearing from the testimony of Elmore E. Lester, deputy clerk of said court, that copies of said calendar were mailed to all attorneys of record in said cause at least five days prior to the first day of said term of court, therefore, it is ordered that said cause be and the same is hereby dismissed without prejudice. * * *

"It would appear to the court that there was an understanding between the plaintiff and [the] then prosecutor that the case would be held in abeyance pending the outcome of some cases in other circuits, that this understanding was back in 1937. * * * And that this understanding was on the day the case was filed, that counsel for plaintiff made no further check upon the matter, apparently relying entirely upon the understanding with the then assistant prosecutor. * * *

"I think that [the] burden should fall on the plaintiff, after having let it rest so long a time, June, 1937, without any check-up or action. They are not in a position particularly to complain or place the blame on anybody else, particularly knowing that the change of administration in the prosecutor's office does occur or is likely to occur in two years, so that I feel the motion should be dismissed, denied. * * *

"*Mr. Fasquelle* (one of plaintiffs' attorneys): I wonder if you have given consideration to your

authority to exercise your discretion in reinstating the case?

"*The Court:* I have exercised my authority, if that is the point you have in mind. * * * It just so happens we have to recognize the fact it is a matter that involves the county and board of supervisors and a matter of long standing litigation that presumably should be cleaned up one way or the other. I just don't feel moved to change the status of the parties as they find themselves on the record."

The order entered by the circuit judge which is involved in the instant proceedings cannot be vacated or otherwise disturbed, unless it appears with reasonable certainty that the circuit judge in entering the order was guilty of an abuse of discretion. In reviewing the denial of a motion for a new trial by a circuit judge, which we think is comparable to the order here under review, we have said:

"To warrant such interference, the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say that there was no justification or excuse for the ruling made." *Cooper* v. *Carr,* 161 Mich. 405.

See, also, *Globe Indemnity Co.* v. *Richer,* 264 Mich. 224; *Jaeger* v. *Mitchell,* 277 Mich. 464; and the much earlier case of *Detroit Tug & Wrecking Co.* v. *Wayne Circuit Judge,* 75 Mich. 360, 371, from which the following is quoted:

"It is true that the Constitution has given this Court a general superintending control of all inferior courts, but in the exercise of this jurisdiction it has never been claimed that this Court can substitute its discretion for that of the inferior tribunal, and compel it to exercise and enforce our discretion, and not theirs."

"The issuance of an order of reinstatement was a matter within the discretion of the lower court." *Sezor* v. *Proctor & Gamble Soap Co.* 267 Mich. 128.

It may also be noted that, at least in a very large measure, denial of reinstatement after dismissal under the no progress statute is discretionary providing the dismissal is regular and within the statutory mandate. Though, perhaps, an order of dismissal should be more closely scrutinized than one for reinstatement.

Under the circumstances presented by this record, we are constrained to affirm the order entered by the circuit judge. The writ is denied, but without costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.