KELLEY v. FRANK D. McKAY REALTY COMPANY

1. Dismissal and Nonsuit—Appeal and Error—Standard of Review.

Dismissal of a cause of action for want of prosecution is within the discretion of the trial court; on appellate review the inquiry is limited to whether any justification exists for such order.

2. Dismissal and Nonsuit—Appeal and Error.

Dismissal of plaintiff's cause of action for want of prosecution was proper where the plaintiff did nothing at the trial level from September 1967, to the dismissal in February 1970, the plaintiff did nothing between the August 1968 decision on appeal of his motion to have the case assigned to another judge and the dismissal and where the record failed to support plaintiff's assertions that the failure to prosecute was occasioned by his attorney's poor health and other commitments, which limited the attorney's availability.

3. Dismissal and Nonsuit—Motion to Preserve Cause—Consolidation.

Plaintiff's motion to preserve his cause of action for breach of contract and to remove the case from the no-progress docket was properly denied even though plaintiff contended that his activity in another related case in the same circuit was sufficient to preserve the no-progress case where the plaintiff had moved to consolidate the cases, the motion was denied, and plaintiff never challenged the ruling directly, but sought to have the judge disqualified, because plaintiff's attack on the consolidation order comes too late.

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2–4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 59 et seq.
[5, 6] 1 Am Jur 2d, Actions § 156 et seq.

4. DISMISSAL AND NONSUIT—NO-PROGRESS DISMISSAL—APPEAL AND
   ERROR—INTERLOCUTORY ORDERS.
   Questions relating to prior interlocutory orders will not be con-
   sidered as preserved for appellate review when an appeal is
   taken from a no-progress dismissal; however, an exception
   to the rule might be the denial of a motion to consolidate in-
   sofar as it affects disposition of the dismissal for no progress.

5. ACTION—CONSOLIDATION OF ACTIONS—COURT RULES.
   Consolidation of actions is available in the trial court's discretion
   where the actions involve a substantial and controlling com-
   mon question of law or fact (GCR 1963, 505.1).

6. ACTION—CONSOLIDATION OF ACTIONS—DISCRETION.
   Consolidation of plaintiff's specific performance action against
   defendant realty company and the bank co-executor of a de-
   ceased party defendant for the sale of a building with an
   action against plaintiff by the bank co-executor for payment
   of loans which plaintiff had allegedly obtained by fraud was
   properly denied even though plaintiff claimed the loans were
   to be paid from a bank account established in connection with
   the purchase of the building, where consolidation would have
   resulted in substantial confusion and prejudice by interjecting
   claims of related wrongful conduct by the bank and by con-
   fusing the individual and fiduciary capacities of the defend-
   ants and where the plaintiff's ground for consolidation was
   not a substantial and controlling question of law or fact.

Appeal from Kent, John T. Letts, J. Submitted
Division 3 April 1, 1971, at Grand Rapids. (Docket
No. 9563.) Decided June 22, 1971. Leave to appeal
denied, 385 Mich 788.

Complaint by Roy C. Kelley against Frank D.
McKay Realty Company and others for specific
performance of an oral contract of sale of real
estate. Complaint dismissed for want of progress.
Plaintiff appeals. Affirmed.

*Hoffman, McDonald & Hoffman* (*Archie D. Mc-
Donald,* of counsel), for plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (by
*Peter Armstrong*), for defendants.

Before: Holbrook, P. J., and Bronson and O'Hara,* JJ.

O'Hara, J. This is an appeal of right from the order of Judge John Vander Wal of February 5, 1970, denying plaintiff's motion to reinstate his cause; and from the order of March 27, 1970, by Kent County Circuit Judge John Letts vacating his prior order dismissing plaintiff's cause for want of progress, dated January 5, 1970, and dismissing the cause for want of progress as of February 5, 1970.

This cause was placed on the no progress calendar on December 17, 1969, and was duly noticed for hearing on January 5, 1970, by publication in the *Grand Rapids Legal News* on December 24 and December 31, 1969. Plaintiff made a motion to preserve the cause of action and remove the cause from the no progress docket on January 5, 1970, before Judge Letts who was sitting as presiding judge. Judge Letts ordered that the motion be heard by Judge Vander Wal who was presiding in the case. Apparently, by mistake, Judge Letts ordered the cause dismissed for want of progress by his blanket order of dismissal of January 5, 1970. Judge Vander Wal heard the motion to reinstate the cause of January 23, 1970, and dismissed the cause for want of progress on February 5, 1970. Plaintiff thereupon moved for a hearing on a motion to set aside, correct, or amend Judge Letts' dismissal order of January 5, 1970. On March 27, 1970, Judge Letts set aside and vacated his order of January 5, 1970, dismissing the cause for want of progress, and ordered the cause to be dismissed for want of prog-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ress as of February 5, 1970, the date of Judge Vander Wal's order of dismissal.

The original complaint in this case was filed on January 5, 1966. In that complaint plaintiff sought specific performance of an alleged oral contract of sale of a certain property known as the McKay Tower Building located in the city of Grand Rapids, and sought damages against defendant Frank D. McKay Realty Company and the estate of Frank D. McKay, defendant Michigan National Bank's decedent, for losses resulting from the failure of the defendants to carry out the agreed-to sale. The alleged contract of sale of the McKay Tower property was made between plaintiff and Frank D. McKay, who purportedly was acting for Frank D. McKay Realty Company, owner of the building. The alleged contract provided that the building would be sold to plaintiff for the sum of $1,000,000. Of this amount, $100,000 was in recognition for plaintiff's past services rendered; $101,000 would be paid down, and the principal amount of $799,000 would be secured by a mortgage to be retired at the rate of $3,000 per month. The contract further provided that the building reserve account, amounting to some $78,000, would be transferred to plaintiff, from which account some $36,000 would be immediately used to retire his promissory notes payable to Michigan National Bank.

Defendants answered on January 25, 1965, denying that there was an agreement to sell the building, and raising as affirmative defenses that Frank D. McKay Realty Company had no power to sell its assets without authorization of its board of directors or its shareholders; also, that the alleged agreement was not enforceable under the statute of frauds.

Nothing further was done until May 15, 1967, when plaintiff substituted attorneys. On July 31,

1967, plaintiff filed a motion for leave to file an amended complaint, a motion to add parties defendant, and a motion to consolidate this case with another case pending in Kent Circuit Court, *Michigan National Bank* v. *Roy C. Kelley,* CA 4522.

The trial court, by its opinion of September 15, 1967, and order of September 29, 1967, granted the motion to add Marie Van Vliet in her capacity as co-executor of the estate of Frank D. McKay as a party defendant. However, he denied the amended complaint insofar as it related to others than the defendants in their fiduciary capacity; he denied the motion to add other parties defendant, and to add defendants Marie Van Vliet and Michigan National Bank, individually, rather than in their fiduciary capacity. He also denied the motion to consolidate this case with Kent Circuit case no. CA 4522.

On September 29, 1967, plaintiff moved to have this case assigned to another judge. Judge Vander Wal refused to disqualify himself and on October 18, 1967, signed an order denying the motion for reassignment. Plaintiff filed for leave to appeal to this Court from the denial of the motion to disqualify and reassign. After a number of extensions of time to allow settlement of a concise statement of facts, this Court dismissed the application for leave to appeal for failure to comply with our time limits. Plaintiff, however, filed his application which this Court treated as a delayed motion for leave to appeal. The application was denied on August 1, 1968. Nothing further transpired in this case until it was placed on the no-progress calendar on December 17, 1969, some 15 months after the denial of the leave to appeal by this Court.

Kent Circuit Court case no. CA 4522, *Michigan National Bank* v. *Roy C. Kelley,* was a suit by the

bank against Kelley for monies owed to the bank for loans he had obtained. The bank alleged that the loans were induced by fraud on Kelley's part; that the money had been used to reduce a certain mortgage on property, owned by Kelley and his wife as tenants by the entireties, with the intent to place the money beyond the reach of creditors. Kelley answered, denying he had induced the loans by fraud and denying that the money had been used to reduce the mortgage. Kelley raised the affirmative defense that the loan made by the bank to him on October 11, 1965, was a novation consolidating the prior loans, and thus was the subject of Kent Circuit Court case no. CA 3958, the present case on appeal. Therefore, said claim was barred by Kelley's right of setoff. Kelley asserted that accelerated judgment of dismissal should be granted because of the pendency of the suit in CA 3958, or in the alternative, Michigan National Bank and Marie Van Vliet, as co-executors of the estate of Frank D. McKay and Frank D. McKay Realty Company, should be ordered to implead as third-party defendants and the causes consolidated for trial on the merits.

Nothing was done in CA 4522 until June of 1969, when it was placed on the no-progress calendar. On July 3, 1969, Kelley filed a motion to preserve the cause, and on July 7, 1969, he filed a motion for leave to file a counterclaim. On July 10, 1969, the court in that case ordered that the cause be retained providing the cause was disposed of by December 1, 1969. On December 19, 1969, the motion for leave to file a counterclaim was argued. The motion was denied by an order of January 19, 1970.

On appeal plaintiff asserts an abuse of discretion by the trial court in (1) denying plaintiff's motion to remove the instant case from the no-progress calendar and in dismissing such cause for want of

progress, and (2) denying plaintiff's motion to file an amended complaint to add parties defendant and to consolidate the case at bar with no. CA 4522, pending in Kent Circuit Court.

We consider plaintiff's first assignment of error. The removal from the no-progress docket, and dismissal of a cause of action for want of prosecution, are addressed to the discretion of the trial court.

"The showing of [an] injustice resulting from [the] dismissal must be clear and unmistakable to warrant the exercise of the [trial] court's discretion to set aside the dismissal of a suit." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 311.

On appellate review the inquiry is limited to whether any justification exists for such order. *Hurt* v. *Cambridge* (1970), 21 Mich App 652.

An examination of the record indicates that plaintiff did nothing at the trial level in this case following the denial in September of 1967, of his motion to assign the case to another judge. Although his belated efforts to appeal such ruling did not cease until August, 1968, when this Court denied leave to appeal, there was no activity whatsoever between the latter date and the placing of the cause on the no-progress docket on December 17, 1969.

Plaintiff asserted in his motion to remove the cause from the no-progress calendar that the failure to prosecute was occasioned by his poor health and other commitments of plaintiff's attorney, thus limiting the attorney's availability. The trial judge was not convinced that such was the case. We have no basis upon which to reach a contrary conclusion. The record adequately supports the trial court's finding that plaintiff did not meet his burden of demon-

strating sufficient excuse for failing to diligently prosecute the litigation. GCR 1963, 501.3.

In order to excuse his inactivity, plaintiff relies primarily upon developments in the other case, CA 4522, as being equivalent to progress in this cause. There was no activity in that cause from October, 1967, until it, too, appeared on the no-progress calendar in June, 1969. Following reinstatement, plaintiff sought leave to file a counterclaim which action he asserts to be sufficiently related to the instant case to justify removal from the no-progress calendar.

Plaintiff never directly challenged the denial of his motion to consolidate, but he instead sought disqualification of the judge. His application for leave to appeal to this Court was limited to reviewing denial of the motion to disqualify. Since no attempt was made to secure direct relief from the determination that consolidation was inadvisable, the trial court's finding that there was no common substantial and controlling issue remains in effect. Absent an attempt to procure relief from the adverse determination of the trial judge, plaintiff should not at this late date be permitted to assert that his activity in case no. CA 4522 kept this action alive. We find no abuse of discretion on the part of the trial court in denying plaintiff's motion to preserve the cause and to remove it from the no-progress docket.

Finally, plaintiff assigns as error the denial of his motions to file an amended complaint to add parties defendant and to consolidate the actions mentioned hereinbefore.

Where, as in the instant case, an appeal is taken from a no-progress dismissal, questions relating to prior interlocutory orders will not be considered as preserved for appellate review. An exception

to this rule might be the denial of the motion to consolidate insofar as it affects disposition of the dismissal for want of progress.

Under GCR 1963, 505.1, consolidation is available in the court's discretion where the actions involve "a substantial and controlling common question of law or fact". The common question requirement has not been met here. The only point at which the issues in the two cases coincide is Kelley's claim that it was agreed his notes in the other case would be paid out of a realty company bank account to be transferred to him as part of his purchase of the McKay Tower. This question is not substantial or controlling in either case.

See, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 365–366, which states:

"Consolidation under Federal Rule 42, like Michigan Rule 505, rests in the sound discretion of the trial court, and the court's discretion is not likely to be favorably invoked if it appears that the common question of law or fact is merely a pretense to justify consolidation or is an issue which will not likely be of any material importance in the consolidated trial. See *Maschmeijer* v. *Ingram,* (SD NY, 1951), 97 F Supp 639."

The authors go on to note that a question of law or fact should be deemed substantial and controlling, "if it is a proposition which must be established in order to sustain any one theory of the claim or defense". Payment of Kelley's notes from the McKay Tower Building reserve account need not be established by Kelley to sustain any theory in this case.

Even if the requirements of the rule are deemed to have been satisfied, the court properly exercised its discretion in denying the motion. As in the case

of amendment, prejudice to the defendants is a primary consideration.

"If either party is prejudiced by the act of consolidation, then consolidation should not be granted.  See *Card* v. *Nemecek* [1951], 331 Mich 614." *Blumenthal* v. *Berkley Homes, Inc.,* (1955), 342 Mich 36, 41.

Consolidation of these two cases would result in substantial confusion and prejudice by interjecting claims of related wrongful conduct by the bank and by confusing the individual and fiduciary capacities of the defendants.

The denial of plaintiff's motion for consolidation was thus within the broad discretion vested in a trial judge to secure the expeditious administration of justice.

Our disposition of the cause renders unnecessary the consideration of other errors claimed by the plaintiff.

Affirmed.  Costs to the defendants.

All concurred.