WILLIAMS v KROGER FOOD COMPANY

1. DISMISSAL AND NONSUIT—NONAPPEARANCE FOR TRIAL—DISCRETION.

   A trial court may in its discretion dismiss a suit where plaintiff and counsel fail to appear at a duly scheduled trial, and subsequently deny a motion for reinstatement; the trial court's determination will not be disturbed on appeal unless there has been an abuse of that discretion.

2. APPEAL AND ERROR—DENIAL OF MOTION—DISCRETION—ABUSE.

   The Court of Appeals is limited in its review of a denial of a motion to reinstate a case following a dismissal of a suit to the narrow question of whether the trial court abused its discretion when it denied the motion.

Appeal from Wayne, Charles A. Wickens, J. Submitted Division 1 February 7, 1973, at Detroit. (Docket No. 13569.) Decided April 25, 1973.

Complaint by Jeannie D. Williams and Walter Williams against the Kroger Food Company for damages for injuries received in a fall. Complaint dismissed with prejudice. Plaintiffs' motion to have the case reinstated denied. Plaintiffs appeal. Affirmed.

*Gerald D. White,* for plaintiffs on appeal.

*Plunkett, Cooney, Rutt & Peacock* (by *John P. Jacobs),* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit, §§ 53, 57, 59.

[2] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*

Before: T. M. BURNS, P. J., and BASHARA and
ADAMS,* JJ.

T. M. BURNS, P. J. Although the issue presented
by the instant appeal is relatively simple, namely
whether the trial court abused its discretion by
dismissing plaintiffs' cause of action and denying a
subsequent motion for reinstatement, a detailed
recital of the facts is necessary for a proper resolu-
tion of the question.

On February 24, 1968, plaintiff Jeannie Wil-
liams allegedly slipped and fell while shopping in
a grocery store operated by the defendant. Plain-
tiffs brought suit seeking damages for $30,000 and
asserting that the defendant was guilty of negli-
gence by failing to maintain the floor of the store
in a safe condition. Defendant offered to settle the
matter for $3,000. Plaintiffs' attorney after exam-
ining the merits of the case recommended accept-
ing the settlement; however, plaintiffs declined.

The suit was originally scheduled for trial on
January 12, 1972. The parties, witnesses and re-
spective counsel appeared on that date but because
of another trial in progress, the trial judge as-
signed to hear the case was unavailable. The case
was placed on the "spin off" docket and was sub-
ject to rescheduling at any hour.

Plaintiffs accompanied their attorney to his
office where a heated argument ensued in which
Mrs. Williams accused her counsel of being incom-
petent and dishonest.

Later that same afternoon, plaintiffs' counsel
received word from the court that the case had
been rescheduled for the next day, January 13,
1972, at 9 a.m. He telephoned Mrs. Williams at

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

home and relayed the information. She replied that she did not intend to appear, the only way she would appear would be if served with a subpoena, her husband was not to miss another day of work, and that she would not inconvenience the witnesses any further by requiring them to attend. Moreover, Mrs. Williams reiterated her dissatisfaction with counsel, stated that she would seek another attorney, and that if need be she would conduct the case herself. Her counsel explained that in the event she failed to appear the case would be dismissed. Mrs. Williams acknowledged this possibility. Counsel immediately prepared a motion to withdraw as plaintiffs' attorney. This motion was denied. As per conversation noted above, plaintiffs failed to appear in court on January 13, 1972. Accordingly, the case was dismissed with prejudice.

On January 26, 1972, plaintiffs moved to have the case reinstated on the grounds that in addition to being emotionally distraught, Mrs. Williams was physically unable to appear due to the aggravation of injuries incurred from the slip-and-fall accident at defendant's store. After a hearing on the motion, the trial court denied reinstatement. Plaintiffs appeal.

Plaintiffs contend that Mrs. Williams' absence was excusable since it stemmed from a "temporary outburst of irrationality from a woman undergoing serious physical and mental distress exaggerated by the frustration of a postponed trial".

Where plaintiff and counsel fail to appear at a duly scheduled trial, the trial court may in its discretion dismiss the suit and subsequently deny a motion for reinstatement. Moreover, the trial court's determination will not be disturbed on appeal unless there has been an abuse of that discretion. *Banta v Serban,* 370 Mich 367 (1963).

At the hearing on the motion for reinstatement,

the plaintiff, Mrs. Williams, testified that when her attorney telephoned on January 12, 1972, to advise her of the new trial date, she informed him that she would not be able to attend because of severe back pains. In addition she related that on the morning the trial was rescheduled the pain was so intense it temporarily paralyzed her legs. It should be noted, however, that Mrs. Williams did not attempt to consult a physician that day to relieve her discomfort. In addition she admitted that she was angered and argued with her attorney.

Although plaintiffs' counsel suggested that physical factors may have contributed to Mrs. Williams discontent, he clearly indicated that her absence in court on the morning the trial was rescheduled was due to her dissatisfaction with his representation.

In keeping with the trend to adjudicate a case on its merits rather than by summary procedures (see *Walters v Arenac Circuit Judge,* 377 Mich 37, 47 [1966]) this writer sitting as trial judge would have granted plaintiffs' motion for reinstatement. However, on appeal we are limited to the narrow question of whether the trial court abused its discretion by denying the motion. Looking at the record as a whole, it is difficult to avoid the conclusion that Mrs. Williams deliberately refused to appear at trial because of a pique. This conclusion is supported by Mrs. Williams' statements and actions and by the fact that she was able to appear in court on January 12, 20, and 26, 1972.

Therefore, under the circumstances of this case, we find that the trial court did not abuse its discretion by denying plaintiffs' motion for reinstatement.

Affirmed.

All concurred.