GORDON v CITY OF DETROIT

Dismissal and Nonsuit—Lack of Progress—Reinstatement of
Case—Stipulation of Parties—Discretion.

Denial of reinstatement of a suit after dismissal under the no
progress statute is discretionary providing the dismissal is
regular and within the statutory mandate; a trial court did not
abuse its discretion in vacating an order of reinstatement
where the stipulation for reinstatement signed by one defend-
ant in a suit was conditioned upon the plaintiff obtaining a like
stipulation from the other defendant, where the plaintiff did
not secure the second party's stipulation and where plaintiff
made no claim that the order dismissing the suit for lack of
progress was not regular.

Appeal from Wayne, Horace W. Gilmore, J.
Submitted June 4, 1975, at Detroit. (Docket No.
21940.) Decided July 22, 1975.

Complaint by Eddie Gordon, Jr., against the City
of Detroit, and American Federation of State,
County and Municipal Employees, AFL-CIO, Lo-
cals 1220 and 875. Dismissed for lack of progress.
Reinstated. Reinstatement vacated. Plaintiff ap-
peals. Affirmed.

*Bornstein, Wishnow & Young* for plaintiff.

*Nansi I. Rowe,* Acting Corporation Counsel, and
*Ronald Zajac, Frank W. Jackson* and *Michael A.
Hurvitz,* Assistants Corporation Counsel, for de-
fendant City of Detroit.

Reference for Points in Headnote
24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit § 79 *et seq.*

*Zwerdling, Maurer, Diggs & Papp,* for defendant AFL-CIO.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

R. B. BURNS, J. The circuit judge denied plaintiff's "Motion For Rehearing and/or to Reinstate" plaintiff's case after the judge had vacated a previous order of reinstatement. Plaintiff appeals and we affirm.

The facts are not disputed. On June 12, 1972, plaintiff's action was dismissed for lack of progress. On May 4, 1973, plaintiff filed a motion to reinstate. The motion was not served on either defendant. On May 14, 1973, the attorney for the City of Detroit signed a stipulation to reinstate on condition that the defendant union also so stipulate. The union was never contacted and its stipulation was not obtained. Nevertheless, the plaintiff presented the stipulation to the judge who reinstated the case. On May 3, 1974, pretrial was held, at which only the attorney for the city appeared. The union did not appear as it did not have notice of the reinstatement. On July 16, 1974, pursuant to motion brought by defendant city the order of reinstatement was vacated. On August 5, 1974, plaintiff's motion for reinstatement was denied.

The parties agree that the stipulation for reinstatement signed by the city was conditioned upon the plaintiff obtaining a like stipulation from the union. As plaintiff did not secure such a stipulation, the trial court was correct in vacating the order reinstating the cases.

Plaintiff did not claim that the order dismissing his case for lack of progress was not regular. In *Hoad v Macomb Circuit Judge,* 298 Mich 462, 469; 299 NW 146, 149 (1941), the Court stated:

" * * * denial of reinstatement after dismissal under the no progress statute is discretionary providing the dismissal is regular and within the statutory mandate."

We find no abuse of discretion.
Affirmed. Costs to defendants.