ELIASON CORPORATION, INC v DEPARTMENT OF LABOR

Docket No. 69378. Submitted December 14, 1983, at Grand Rapids.— Decided March 22, 1984.

Plaintiff, Eliason Corporation, Inc., brought an action against the Michigan Department of Labor, the Kalamazoo County Sheriff and a Kalamazoo County Deputy Sheriff, alleging that a safety inspection conducted on plaintiff's premises pursuant to a warrant was unconstitutional. Plaintiff later sought to amend its complaint to seek money damages for trespass and abuse of process. The Kalamazoo Circuit Court denied the motion to amend. Plaintiff then brought an action in federal court alleging deprivation of civil rights. Subsequently the circuit court dismissed the action for lack of progress and thereafter denied plaintiff's motion for reinstatement, Charles H. Mullen, J. Plaintiff appealed. The federal district court thereafter held that the state court dismissal for lack of progress acted, on res judicata grounds, to bar the federal court action against any of the parties which had been parties to the state action. *Held:*

1. Dismissal of a case for lack of progress is a matter for the discretion of the trial court, and appellate review is limited to determining whether the trial court's ruling was justified. In this case the only action taken by plaintiff after filing its complaint was the taking of two depositions and a motion to amend its pleadings. Plaintiff thereafter chose to pursue its federal claim. It did not appeal the denial of the motion to amend. The steps taken in the federal action do not excuse plaintiff's inaction in the circuit court. The decision to dismiss the case was justified.

2. Similarly, the question of reinstatement is one for the discretion of the trial court. Plaintiff failed to present any further justification for its failure to proceed with due diligence. The trial court did not abuse its discretion in refusing to

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 4 Am Jur 2d, Appeal and Error § 105.

24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 48, 50.

[2, 3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 90, 92.

[3] 51 Am Jur 2d, Limitation of Actions § 311.

reinstate the case. The fact that plaintiff would be barred from pursuing any further action against the defendants is not in itself reason to reinstate the case.

Affirmed.

1. ACTIONS — DISMISSAL OF ACTION — LACK OF PROGRESS — APPEAL.

The removal of a case from a no-progress docket, or the dismissal of a cause of action for want of prosecution, are matters addressed to the discretion of the trial court; appellate review is limited to determining whether there is any justification in the record for the trial court's ruling (GCR 1963, 501.3).

2. ACTIONS — DISMISSAL OF ACTION — REINSTATEMENT OF ACTION — APPEAL.

A trial court, in its discretion, may grant or deny reinstatement of a case which has been dismissed for lack of progress where reinstatement is allowed by court rule and the dismissal was regular and within statutory requirements; appellate review is limited to a determination of whether there was any justification for the trial court's decision.

3. ACTIONS — DISMISSAL OF ACTION — REINSTATEMENT OF ACTION — LIMITATION OF ACTIONS.

Entry of an order dismissing a case for lack of progress, and a subsequent denial of a motion to reinstate the action, is not controlled in and of itself by the fact that a new suit for the same cause of action is barred by the statute of limitations.

*Boothby, Huff & Yingst* (by *Robert A. Yingst),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gregory T. Taylor,* Assistant Attorney General, for defendants.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff appeals as of right an order entered on January 10, 1983, denying plaintiff's motion to reinstate a case which was dis-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

missed for lack of progress by order dated August 30, 1982.[1]

Plaintiff's initial complaint was filed on June 26, 1979. Plaintiff sought a declaratory judgment and injunctive relief as redress for defendants' allegedly unconstitutional safety inspection of plaintiff's premises. At a hearing held on July 27, 1979, the trial court temporarily enjoined all administrative proceedings which had or could have been initiated as a direct result of the search and seizure conducted on plaintiff's premises. The trial court's order was not entered until December 10, 1979.

On January 6, 1981, plaintiff deposed two safety officers from the Michigan Department of Labor. On May 11, 1981, plaintiff moved to amend its complaint to seek money damages for trespass and abuse of process. Plaintiff claimed that the facts underlying a damage action were first revealed to it at the depositions of the safety officers. Following a hearing held on May 13, 1981, the trial court denied plaintiff's motion to amend. Plaintiff did not appeal that order. On May 19, 1981, plaintiff filed suit in federal district court seeking money damages for deprivation of civil rights.

In June, 1982, the trial court placed plaintiff's

---

[1] There is some question concerning the scope and procedure of appellate review of an order denying reinstatement. In 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 311, the authors state that the denial of a motion to reinstate is not appealable as of right, but only by leave granted. Where, as in the instant case, local court rules provide for the filing of a petition to reinstate a case within a limited time period after a case is dismissed for want of progress, this Court has allowed an appeal as of right from the order denying reinstatement. *Kelley v McKay Realty Co,* 34 Mich App 370, 372; 191 NW2d 123 (1971). The scope of review has included the initial dismissal for lack of progress as well as the refusal to reinstate the case. *Banta v Servan,* 370 Mich 367, 368-369; 121 NW2d 854 (1963); *Williams v Kroger Food Co,* 46 Mich App 514, 515; 208 NW2d 549 (1973); *Kelley v McKay Realty Co, supra; Hurt v Cambridge,* 21 Mich App 652, 658; 176 NW2d 450 (1970), *lv den* 384 Mich 760 (1970).

circuit court case on the no-progress calendar. Plaintiff filed a motion to save the case from dismissal for want of progress on June 24, 1982. After listening to arguments at a hearing held on July 12, 1982, the trial court stated that no useful purpose would be served by permitting the case to continue and dismissed the case. An order of dismissal was entered on August 30, 1982.

Plaintiff filed a motion to reinstate the cause on September 16, 1982. A hearing was held on plaintiff's motion on January 10, 1983. The trial court denied plaintiff's motion on the basis that the order of dismissal acted as an adjudication on the merits. On that same day, January 10, 1983, the court entered an order denying plaintiff's motion to reinstate.

In an opinion dated May 25, 1983, the federal district court held that the state court action which had been dismissed for lack of progress barred plaintiff's federal court action, on res judicata grounds, against those defendants who had been parties to the prior action. *Eliason Corp v Michigan Dep't of Labor,* 564 F Supp 1298 (WD Mich, 1983).

Plaintiff first claims that the trial court erred in dismissing its case for lack of progress pursuant to GCR 1963, 501.3. The removal of a case from the no-progress docket or the dismissal of a cause of action for want of prosecution are addressed to the discretion of the trial court. *Kelley v McKay Realty Co,* 34 Mich App 370, 376; 191 NW2d 123 (1971). Appellate review is restricted to determining whether there is any justification in the record for the trial court's ruling. *Hurt v Cambridge,* 21 Mich App 652, 658; 176 NW2d 450 (1970).

" 'To warrant such interference, the abuse ought to

be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say that there was no justification or excuse for the ruling made.' " *Hoad v Macomb Circuit Judge,* 298 Mich 462, 468; 299 NW 146 (1941), quoting *Cooper v Carr,* 161 Mich 405, 412; 126 NW 468 (1910).

In *Hurt v Cambridge, supra,* we held that the trial court abused its discretion in dismissing plaintiff's cause of action solely on the ground that plaintiff failed to praecipe her case for trial where plaintiff's failure was due to her attorney's inadvertence, defendant had an equal right to notice the case for trial, and plaintiff had otherwise been prosecuting her claim with diligence. Accord, *Heaney v Verson Allsteel Press Co, Inc,* 64 Mich App 597; 236 NW2d 155 (1975). On the other hand, this Court has affirmed dismissals for want of prosecution where the dismissal was based on a plaintiff's failure to appear at a duly scheduled trial, *Williams v Kroger Food Co,* 46 Mich App 514; 208 NW2d 549 (1973), or on a plaintiff's failure to comply with a trial court's requirement of filing a pretrial brief. *Marquette v Village of Fowlerville,* 114 Mich App 92; 318 NW2d 618 (1982).

The only action taken by plaintiff herein following the filing of its complaint on June 26, 1979, consisted of the taking of two depositions on January 6, 1981, and the filing of a motion to amend the complaint on May 11, 1981. The trial court placed plaintiff's case on the no-progress calendar in June, 1982. A hearing was held on plaintiff's motion to save the case from dismissal. Plaintiff stated that there had been substantial ongoing discovery and settlement negotiations in the federal court suit and argued that it would have been a duplication of efforts and a waste of judicial time to include all of the discovery and motions in both

federal and state courts. The court, relying on *Kelley v McKay Realty Co, supra,* dismissed plaintiff's case for lack of progress.

In *Kelley,* the plaintiff moved, after several months of inactivity, to amend his complaint. The motion to amend was denied and no appeal was taken. Some 15 months passed without any action and the case was placed on the no-progress calendar. In his motion to save, plaintiff Kelley claimed that activities in a related circuit court case were sufficient to preserve the no-progress case. This Court held that the trial court properly dismissed plaintiff Kelley's complaint.

We believe the trial court was justified in dismissing the instant plaintiff's case for lack of progress. Had plaintiff desired to pursue its state court remedies for trespass and abuse of process, it should have appealed the trial court's denial of leave to amend its complaint. Instead, plaintiff chose to pursue a separate federal court action based on defendants' alleged violation of plaintiff's civil rights. The steps taken in plaintiff's federal court suit did not excuse plaintiff's inactivity in the circuit court. *Kelley v McKay Realty Co, supra,* p 377.

Plaintiff also claims that the trial court abused its discretion in refusing to reinstate plaintiff's case. At the conclusion of the hearing on plaintiff's motion to reinstate, the trial court erroneously determined that the only issue to be addressed was "whether the dismissal acted as an adjudication on the merits". Even if the prior dismissal operated as an adjudication on the merits for purposes of res judicata, *Eliason Corp, supra,* 564 F Supp 1302, local court rules provided that plaintiff could petition to reinstate the case within six months of the dismissal. Providing the dismissal was regular and

within the statutory mandate, the trial court in its discretion could grant or deny reinstatement. *Hoad v Macomb Circuit Judge, supra,* p 469; *Heins v Sutphin,* 76 Mich App 562, 563-564; 257 NW2d 169 (1977). Appellate review is again limited to ascertaining whether or not there was any justification for the lower court's decision. *Heaney, supra,* p 599.

At the hearing on the motion to reinstate, plaintiff did not articulate any additional reasons for its failure to proceed with due diligence in the circuit court case. Instead, plaintiff asked the court to reinstate the case for purposes of clarifying that the previous dismissal had been without prejudice. Plaintiff foresaw that the federal court would find that a dismissal with prejudice would bar the federal court action on res judicata grounds. That plaintiff would be barred from pursuing any action against defendants was not in and of itself reason to reinstate plaintiff's case. *Hoad v Macomb Circuit Judge, supra,* p 466 ("Entry of an order dismissing a case for lack of progress is not controlled in and of itself by the fact that a new suit for the same cause of action is barred by the statute of limitations.").

We hold that, where plaintiff petitioned to reinstate a case dismissed for failure to prosecute with due diligence, but failed to present any additional justification for its lack of reasonable diligence, the trial court did not abuse its discretion in refusing to reinstate plaintiff's case.

Affirmed.