WOODS v MURDOCK

Docket No. 108945. Submitted April 6, 1989, at Lansing. Decided May 15, 1989. Leave to appeal applied for.

Betty B. Woods filed suit against Robert G. Murdock in Oakland Circuit Court and the matter was scheduled for a one-day bench trial on May 2, 1988. Eight pretrial conferences and nine trials were also scheduled for May 2. Due to the caseload, the instant matter was not heard, but the court instructed the parties to discuss the possibility of settlement. Plaintiff and her attorney apparently refused to participate in negotiations. At the end of the day, the court informed the parties in this matter that it would be continued the next day, along with two other unresolved cases. Plaintiff's attorney attempted to address the court on the record, but the court replied that it was in recess and refused. The next morning, plaintiff's counsel had other matters scheduled in district court. He appeared first in the circuit court to attend to this case, but was told it would not be heard in the morning due to other court business. He then left to attend to his district court business. At 11:30 A.M. the instant case was called. Neither plaintiff nor her attorney were present and the court, Jessica R. Cooper, J., dismissed the case with prejudice. Plaintiff's attorney returned to the courtroom at 12:05 P.M. and learned of the dismissal. Plaintiff appealed.

The Court of Appeals *held*:

The circuit court abused its discretion when it dismissed this case. The court acted unreasonably when it refused plaintiff's attorney the opportunity to address the court regarding the adjournment.

Reversed and remanded for further proceedings before a different judge.

ACTIONS — DISMISSAL WITH PREJUDICE — ABUSE OF DISCRETION.

It was an abuse of discretion for a court to schedule a matter for

REFERENCES

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 48 *et seq.*, 90 *et seq.*

See the Index to Annotations under Dismissal, Discontinuance, and Nonsuit.

a one-day bench trial, to order the parties to attempt to reach a settlement, to continue the matter until the next day because other court business prevented the hearing of the case on the scheduled date, to refuse to hear plaintiff's attorney's explanation that he had other court business scheduled in a different court the next day, and then to dismiss the case with prejudice the following day when neither plaintiff nor plaintiff's counsel appeared when the case was called during a break in a criminal trial and the court was informed that plaintiff's attorney was occupied with other court business elsewhere.

*Carl G. Becker & Associates, P.C.* (by *Imants M. Minka*), for plaintiff.

*Lawrence R. Imerman,* for defendant.

Before: MICHAEL J. KELLY, P.J., and GILLIS and CYNAR, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order dismissing her lawsuit with prejudice when plaintiff's attorney failed to negotiate a settlement with defendant's attorney and failed to appear. We reverse and remand for trial before a different judge.

The instant matter was scheduled for a one-day bench trial on Monday, May 2, 1988. Defendant notes that eight pretrial conferences and nine trials were also scheduled. The pretrial conferences were held until midmorning. Defendant also claims that three cases were settled before trial. Trial was held in the fourth scheduled matter until noon according to defendant, but until 2:30 P.M. according to plaintiff. In the interim, another case was settled.

Thereafter, jury selection was held in a criminal case. At some point during the afternoon, the circuit court instructed the parties in the instant case to discuss the possibility of settlement. While defendant's attorney attempted to do so, plaintiff

and her attorney remained in the courtroom and, thereby, refused to participate in negotiations.

At 4:42 P.M., the circuit court informed the jury that the criminal trial would last two or three days. The circuit court also noted that the jury would have to report at 10:00 A.M. on May 3 because the court had other matters it was regularly scheduled to hear on Tuesday mornings.

After the jury left the courtroom, the court continued the instant case and the one scheduled before it until May 3. Plaintiff's attorney asked permission to address the court. The court refused, noting that it was in recess. Plaintiff's attorney then stated that he would like to put something on the record. The court again stated that it was in recess. Plaintiff's attorney agreed, but indicated that he was entitled to put something on the record. The court again stated: "We're in recess."

Plaintiff's attorney asserts that at 8:45 A.M. on May 3 he returned to the circuit court and learned that other matters were scheduled for the morning. At that time, plaintiff's attorney went to 36th District Court, where he had fifteen eviction matters scheduled for May 3. Plaintiff's attorney had mentioned these prior commitments to defendant's attorney on May 2. Defense counsel claims that he arrived at 9:00 A.M. and his client arrived at 10:00 A.M.

At 11:30 A.M. on May 3, the circuit court called the instant case. On the record, defendant's attorney stated that he saw plaintiff's attorney at 9:15 A.M. and had not seen plaintiff. Defendant's attorney stated: "[Y]esterday, Mr. Minka suggested that he had fifteen minutes worth of matters in the 36th District Court." The court noted that plaintiff's attorney had not attempted to reach a settlement as it had requested and then the court held:

> I did, in fact, ask that this matter be continued to this morning since it was a non-jury trial and I could take it at break.
>
> Since Mr. Minka has failed to appear, this case is hereby dismissed.

Plaintiff's attorney claims that he arrived at circuit court at 12:05 P.M. and subsequently learned that the case was dismissed. Plaintiff's attorney denies that the circuit court informed him that it intended to try the instant case during breaks in the criminal case. Plaintiff's attorney notes that the criminal trial lasted through May 6.

A trial court may in its discretion dismiss a suit where plaintiff and counsel fail to appear at a duly scheduled trial. *Williams v Kroger Food Co,* 46 Mich App 514; 208 NW2d 549 (1973). The trial court's determination will not be disturbed on appeal unless there has been an abuse of that discretion. *Id.*

Plaintiff's attorney argues that on May 2 he wanted to inform the circuit court that prior negotiations proved fruitless and that he had other matters scheduled on May 3 in 36th District Court. Plaintiff's attorney also argues that he wanted to ascertain when the instant case would actually be tried given that the court had instructed the jury that the criminal case would last for two or three days. Finally, plaintiff's attorney claims that he wanted to object to the court's action in failing to inform the parties of the status of their case until the end of the day and having the parties ready to proceed without knowledge of whether and when their case would be called.

Under these facts, we believe that the circuit court abused its discretion when it dismissed the instant case. We begin by noting that settlements cannot be forced upon parties. Indeed, there are

numerous opportunities for parties to negotiate and, in fact, in some cases penalties for failure to do so reasonably. MCR 2.403 and 2.405. Plaintiff's attorney in this case indicates that numerous attempts at settlement had proven fruitless and that he wanted to inform the judge that he believed that subsequent negotiations would prove as fruitless.

Moreover, we note that there is no record to support the circuit court's claim that it told the parties that it would try the instant case during breaks in the criminal trial in progress and plaintiff's attorney denies being so informed. In any event, trying a one-day case during breaks in a two- or three-day criminal trial requires, at least, the presence of the parties' attorneys throughout that time. The parties and witnesses will also be required to await the breaks taken during the criminal trial. While the circuit court's time is valuable, so is that of the citizens it serves. Likewise, the court must realize that legal practitioners have many commitments. Where the instant case was scheduled for a one-day bench trial, the court acted unreasonably when it refused plaintiff's attorney the opportunity to address the court regarding the adjournment.

Reversed and remanded for further proceedings before a different judge.