*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DENNIS ROBERT GRIMA and
VICKIE SUE GRIMA,

        Plaintiffs-Appellants,

v

FOREST RIVER INC.,

        Defendant-Appellee.

UNPUBLISHED
April 09, 2025
1:44 PM

No. 370212
Oakland Circuit Court
LC No. 2020-179490-NZ

Before: YATES, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

On Friday, March 1, 2024, the trial court sent the parties an e-mail notifying them that their trial set for Monday, March 4, 2024, would be postponed for a week to Monday, March 11, 2024. In response, plaintiffs' counsel sent the court an e-mail "to request a scheduling conference with the Court as soon as possible, preferably on Monday, March 4, 2024." That e-mail explained the parties' problems with scheduling expert witnesses for the adjourned trial. The trial court relented and changed the trial date back to Monday, March 4, 2024. But when the parties and their counsel gathered in the courtroom that day, plaintiffs' counsel advised the court that plaintiffs "are not able to proceed this morning" because plaintiffs had called off their expert witness. Thus, the trial court dismissed the case without prejudice. In response, plaintiffs not only refiled the case, but also filed this appeal from the dismissal without prejudice, asserting that the trial court erred by forcing them to go to trial on March 4, 2024, and then dismissing the case without prejudice. We affirm.

## I. FACTUAL BACKGROUND

In March 2015, plaintiffs purchased a recreational vehicle (RV) that was manufactured and warrantied by defendant, Forest River Inc. The RV needed repairs in 2015, and in 2016 defendant replaced the RV's roof. In May 2018, the roof began failing again. Although there was a 12-year warranty on the roof, defendant refused to repair or replace the roof. Plaintiffs filed suit in 2020, alleging breach of warranty and asserting claims under the Michigan Consumer Protection Act.

Trial was scheduled and adjourned several times for a variety of reasons. One adjournment was granted by this Court because "plaintiffs' expert experienced unanticipated medical issues that precluded his testimony on the scheduled trial date . . . ." *Grima v Gen RV Ctr Inc*, unpublished order of the Court of Appeals, entered February 24, 2023 (Docket No. 365001). The trial court set a firm trial date of March 4, 2024, after granting yet another adjournment requested by plaintiffs in their "motion for fourth adjournment of trial and for stay of proceedings due to unavailability of plaintiffs' only expert, Phillip Grismer, due to serious medical condition."

On Thursday, February 29, 2024, the trial court sent an e-mail to the parties asking: "How many days do you anticipate needing for trial?" At 1:59 p.m. that day, defense counsel responded to the e-mail, stating that they would need "2-2.5 days" after plaintiffs' case-in-chief. On Friday, March 1, 2024, at 9:12 a.m., the court sent an e-mail informing the parties that the trial would have to be moved a week and would take place before another judge on March 11, 2024. But plaintiffs' counsel did not respond to that e-mail until 8:38 p.m. on March 1, 2024, explaining that "[w]e have spent the entire day attempting to re-arrange schedules to accommodate the Court's adjournment of our trial, but we have conflicts that make the March 11 date impossible." In addition, plaintiff's counsel "request[ed] a scheduling conference with the Court as soon as possible[.]"

On Sunday, March 3, 2024, the trial court relented, informing the parties that the trial would begin as scheduled on Monday, March 4, 2024, at 8:30 a.m. So on the morning of March 4, 2024, the parties and their attorneys gathered in the courtroom, where the trial court explained that trial would take place as soon as the court wrapped up matters in a pending criminal case. But as soon as the trial court started discussing matters for the trial in the instant case, plaintiffs' counsel said that "we are not able to proceed this morning[.]" The court responded: "Oh, we're going to trial." The court then laid out the chronology of events over the previous several days and then asked the attorney for plaintiffs: "So, help explain to me how, at this point, you're telling me you're unable to proceed?" Plaintiffs' counsel responded that their expert witness was no longer available either that week because "[h]e already canceled his flight" or the week of March 11, 2024.

After the trial court told plaintiffs' counsel "[w]e're going to trial" as scheduled, plaintiffs' counsel responded that "there's nothing to proceed with," so "if you want to go ahead and dismiss it, I guess we'll just exercise our appellate remedies." The trial court then stated: "your matter is dismissed." The trial court subsequently issued a three-page order of dismissal on March 8, 2024, providing the reasons for dismissal of the case without prejudice. This appeal followed.[1]

## II. LEGAL ANALYSIS

On appeal, plaintiffs challenge the trial court's dismissal of this case without prejudice on two grounds. First, they insist the trial court's changes of the trial date amounted to a violation of due process. Second, they claim the trial court abused its discretion by failing to impose a sanction less severe than dismissal without prejudice. We shall address these two arguments in turn.

---

[1] Because the trial court dismissed the case without prejudice, plaintiffs filed a new complaint on March 18, 2024. The trial court stayed that action pending the outcome of this appeal.

## A. DUE PROCESS

Although plaintiffs have alleged a violation of due process in the scheduling of their trial, they neither advanced that argument in the trial court nor explained the nature of that claim in their briefs on appeal. Hence, their effort to present a due process claim falls prey to the raise-or-waive rule because they failed to assert their claim in the trial court, *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023), as well as abandonment principles because they failed to explain their position on appeal. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 458; 688 NW2d 523 (2004) (deeming due-process claim abandoned based on lack of analysis). Plaintiffs rely on *Vincencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 504; 536 NW2d 280 (1995), for the principle that "due process requires that the notice given be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." But here, the trial court scheduled the March 4, 2024 trial date months ahead of time, and then ultimately adhered to that trial date by adjusting its schedule by clearing other matters to make room for the trial in this case. To be sure, the trial court at first tried to move the trial, but it relented almost immediately after learning that adjourning the trial for one week was unworkable for the parties and their attorneys. Thus, plaintiffs have provided no meaningful legal support for their due-process argument.

## B. THE SANCTION OF DISMISSAL WITHOUT PREJUDICE

Plaintiffs complain that the trial court failed to consider lesser sanctions before dismissing the case without prejudice. Again, plaintiffs rely on *Vincencio*, 211 Mich App at 507, but this time for the proposition that "[o]ur legal system favors disposition of litigation on the merits." Had the trial court dismissed this case with prejudice, plaintiffs would have been deprived of a disposition on the merits. But the trial court instead dismissed the case without prejudice, allowing plaintiffs the opportunity to promptly refile the case (which they did) and ultimately obtain a disposition on the merits (which they will receive once the stay of the new case pending this appeal is lifted). In sum, the trial court's dismissal of the case without prejudice has effectively granted plaintiffs the fifth adjournment of trial that they seemed to request in the courtroom on March 4, 2024.

Even if the dismissal without prejudice must be reviewed despite the fact that it effectively gave plaintiffs what they wanted on March 4, 2024, we find no basis for relief. Orders concerning the scheduling and adjournment of trial dates and determinations about how to proceed in the face of a conflict or unavailability of a party, attorney, or witness are within the discretion of the trial court and will only be disturbed on a finding that the trial court abused its discretion. MCR 2.401; MCR 2.501; MCR 2.503; *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991); *Woods v Murdock*, 177 Mich App 210, 213; 441 NW2d 63 (1989). Similarly, this Court reviews the trial court's decision to impose sanctions for an abuse of discretion. *Massey v Ferndale*, 206 Mich App 698, 702; 522 NW2d 734 (1994). In addition, "dismissal of a case for failure to comply with the court's orders is . . . reviewed for an abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). An abuse of discretion occurs if "the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

In its three-page order of dismissal, the trial court provided a cogent explanation of its own actions taken to address challenging docket issues. As the trial court observed, plaintiffs' counsel

was slow to respond to the court's e-mail sent at 9:12 a.m. on Friday, March 1, 2024, advising the parties that the trial had to be adjourned for one week.  But when plaintiffs' counsel responded at 8:38 p.m. on Friday, March 1, 2024, the trial court's diligent staff read the e-mail on the weekend, and then the trial court promptly notified the parties that the trial would take place as scheduled on March 4, 2024.  Despite the trial court's commendable efforts, plaintiffs' counsel appeared in court on March 4, 2024, unprepared for trial because plaintiffs' expert witness had "canceled his flight."  Plaintiffs' counsel made no effort to address that problem, nor did plaintiffs' counsel suggest any solution, such as going forward with jury selection and opening statements on that date and having the expert witness testify later in the week.  Instead, plaintiffs' counsel threw down the gauntlet by telling the trial court "there's nothing to proceed with," so "if you want to go ahead and dismiss it, I guess we'll just exercise our appellate remedies."[2]  Under these circumstances, the trial court had no options other than adjourning the trial (while a jury panel was waiting outside the courtroom) or dismissing the case without prejudice, which effectively postponed the trial until after plaintiffs refiled their complaint.  We find no abuse of discretion in any of the actions taken by the trial court on the morning of trial or in the days leading up to the trial date.

Affirmed.

/s/ Christopher P. Yates
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

---

[2] Plaintiffs' counsel added: "You know, this has already happened before on this case."  The trial court accurately took that comment as a thinly veiled threat referring to this Court's prior order for an adjournment based on issues with plaintiffs' expert witness.  See *Grima v Gen RV Ctr Inc*, unpublished order of the Court of Appeals, entered February 24, 2023 (Docket No. 365001).