## FLACK *v.* WAITE

1. Action — Dismissal — Lack of Progress — Reinstatement — Notice — Court Rules.

   Plaintiff whose action has been dismissed for lack of progress after being properly placed on the no-progress docket is entitled to reinstatement where his attorney is not notified of the general call of the calendar as required by court rule (GCR 1963, 501.4).

2. Action—Dismissal—Lack of Progress—Reinstatement—Discretion.

   Grant or denial of reinstatement of an action improperly dismissed for lack of progress is discretionary with trial judge where plaintiff's attorney waited for more than 20 months to move for reinstatement after a pretrial conference at which plaintiff's attorney acknowledged that he would have to file a motion to reinstate, there is no explanation for the delay in the record, and defendant's answer to the motion is accompanied by an uncontroverted affidavit establishing prejudice to defendant if the cause is reinstated.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 June 4, 1969, at Lansing. (Docket No. 5,778.) Decided July 28, 1969.

Complaint by James Flack and others against Vern E. Waite for injuries resulting from an automobile collision. Cause dismissed for lack of progress. Plaintiffs' motion to have cause reinstated denied. Plaintiffs appeal. Affirmed.

---

References for Points in Headnotes

[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 88–93.

*Smith, Freedman & Saunders,* for plaintiffs.

*Hartman, Beier, Howlett & McConnell (Eric J. McCann,* of counsel), for defendant.

Before: Lesinski, C. J., and Quinn and Danhof, JJ.

Per Curiam. Plaintiffs appeal from an order denying their motion to reinstate this case, which was dismissed for lack of progress March 7, 1966. The record discloses the case was properly placed on the no-progress docket, but the record fails to disclose that GCR 1963, 501.4 was complied with. At that time, plaintiffs' attorney was located in Detroit and the case was in Oakland county. Notice of the general call was not given plaintiffs' attorney by mail, telephone or telegram as required by rule 501.4, *supra.* The first notice of dismissal received by plaintiffs' attorney was by letter from the clerk dated July 6, 1966.

For some unexplained reason, a pretrial conference was scheduled for July 29, 1966. Counsel for both sides appeared and plaintiffs' attorney acknowledged he would have to file a motion to reinstate, after he moved orally to reinstate the case. At this point, plaintiffs had a right to reinstatement because of lack of notice prior to dismissal. *Sezor* v. *Procter & Gamble Soap Co.* (1934), 267 Mich 128.

Again for some reason not explained by the record, the motion for reinstatement was not filed until March 1, 1967. This motion was heard March 6, 1967, but the matter was adjourned without date to obtain the transcript of the pretrial conference held July 29, 1966. A copy of this transcript is in the file and it bears date of March 7, 1967 and consists of 1-1/2 pages.

By substitution of attorney filed December 8, 1967, plaintiffs' present attorney replaced their former attorney. April 10, 1968, plaintiffs' present attorney filed the motion for reinstatement of this case the denial of which is the basis for appeal. Attached to defendant's answer to this motion is an affidavit establishing prejudice to defendant if the case is reinstated. This affidavit is uncontroverted.

There is no satisfactory explanation in this record for the delay from July 29, 1966 to April 10, 1968 in bringing the question of reinstatement before the trial court for final disposition. Under the circumstances, grant or denial of reinstatement was discretionary with the trial judge. We are not able to find an abuse of discretion in view of the uncontroverted showing of prejudice to defendant if reinstatement is granted.

Affirmed with costs to defendant.