DENHAM v UNIVERSITY OF MICHIGAN

Docket No. 81844. Submitted February 6, 1986, at Detroit. Decided April 21, 1986.

Plaintiff, Mary S. Denham, filed suit in the Court of Claims against defendant, University of Michigan, alleging that defendant had breached her employment contract by denying her claim for disability benefits. Motions for accelerated and summary judgment made by defendant were denied by the Court of Claims. Thereafter, defendant filed an answer, deposed four physicians and served interrogatories on plaintiff, which she answered. Plaintiff served interrogatories on defendant, which were not answered. Thereafter, no further action was taken by plaintiff or defendant. The Court of Claims, Robert Holmes Bell, J., dismissed the case when plaintiff failed to appear at the time of the general "no progress" call. Upon rehearing, the Court of Claims refused to reinstate the case, after ruling that plaintiff had failed to show that the lack of progress was not due to her fault or lack of due diligence. Plaintiff appealed. *Held:*

The record indicated that defendant was aware of the local court rule requirements regarding demands for pretrial and trial but did not file a notice for pretrial or trial; that plaintiff provided an adequate explanation for the delay due to her counsel's inadvertent failure to file a demand for trial; that plaintiff was pursuing her claim diligently; and that defendant failed to make a showing of actual prejudice caused by the delay. Therefore, the Court of Claims abused its discretion in dismissing plaintiff's case solely on the basis that neither plaintiff nor defendant filed a demand for a pretrial and trial as required by the Ingham County Local Court Rules.

Reversed and remanded.

1. ACTIONS — DISMISSAL OF ACTIONS — LACK OF PROGRESS — APPEAL.

The removal of a case from a no-progress docket, or the dismissal

REFERENCES

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 48-63.

Construction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.

of a cause of action for want of prosecution, are matters addressed to the discretion of the trial court; appellate review is limited to determining whether there is any justification in the record for the trial court's ruling (GCR 1963, 501.3, now MCR 2.502).

2. ACTIONS — DISMISSAL OF ACTIONS — LACK OF PROGRESS.

Refusal by a trial court to remove a plaintiff's case from the no-progress docket, or its refusal to reinstate the plaintiff's case after a dismissal, solely on the ground that the plaintiff failed to file a praecipe for trial under local court rules is an abuse of discretion where the defendant had an equal right to notice the case for trial under the local court rules.

*Dean & Lake* (by *Carol Dean*), for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Constance M. Ettinger*), for defendant.

Before: BEASLEY, P.J., and GRIBBS and M. H. CHERRY,* JJ.

BEASLEY, J. On January 21, 1981, plaintiff, Mary Sue Denham, filed suit in the Court of Claims against defendant, University of Michigan, alleging that defendant had breached her employment contract by denying her claim for disability benefits. Thereafter, in October, 1984, the Court of Claims docket revealed that no activity had occurred in plaintiff's case for over 18 months. The case was placed on the October, 1984, "no progress" calendar and was subsequently dismissed by the court on October 12, 1984. Upon learning of the dismissal, plaintiff claimed that she had not received notice of the "no progress" call and moved to set aside the dismissal. The Court of Claims judge granted a rehearing on the matter of dismissal due to lack of notice to plaintiff, but refused to reinstate the case. Plaintiff appeals as of

* Circuit judge, sitting on the Court of Appeals by assignment.

right from the dismissal of her case for lack of progress.

The Court of Claims file reveals that after the complaint was filed defendant filed preliminary motions for accelerated and summary judgment on March 13, 1981. The parties contested the motions and, on December 23, 1981, the Court of Claims judge denied defendant's motion for summary judgment on the breach of employment contract claim. Defendant then filed an answer to plaintiff's complaint on January 4, 1982. During the remainder of 1982, defendant served interrogatories on plaintiff and took the deposition testimony of plaintiff and four physicians. On April 26, 1983, plaintiff provided her answers to defendant's interrogatories and served interrogatories on defendant. Apparently, defendant never answered plaintiff's interrogatories and no further docket entries appear in the court file until the "no progress" proceedings were commenced in October, 1984.

The Court of Claims judge dismissed plaintiff's case pursuant to GCR 1963, 501.3, now MCR 2.502, which provides in pertinent part:

> Call of No Progress Cases. Not less than once in each calendar quarter, at such time and place as the court may by order designate, the judge in open court shall supervise the call of all the actions on the civil calendar pending and undisposed of in which no steps or proceedings appear to have been taken within 1 year. If none of the parties or their attorneys appear at the time and place set for the general call and answer when their action is called, the court may direct the clerk to enter an order dismissing the action for want of prosecution. If at the call it is shown that the failure to take steps or proceedings is not due to the plaintiff's fault or lack of reasonable diligence on his part, the action will not be dismissed.

Plaintiff's case was originally dismissed because plaintiff failed to appear at the time of the general "no progress" call. However, upon rehearing, plaintiff's case was dismissed because the Court of Claims judge found that plaintiff had failed to show that the lack of progress in the case was not due to fault or lack of due diligence on her part.

On appeal, plaintiff argues that the Court of Claims judge abused his discretion in finding that the lack of progress in the case was due to plaintiff's fault or lack of due diligence. Plaintiff's counsel asserts that she was prepared to go to trial during the 18-month period and was merely waiting for the clerk to assign her a trial date. The clerk had informed plaintiff's counsel that she was not required to do anything more before being assigned a trial date. The clerk's representation was consistent with plaintiff's counsel's reading of Court of Claims Rule 13(a), which requires the clerk to set the dates for trial of the causes placed on the docket calendar and to notify the parties.

Plaintiff claims that she was unaware of the existence of the Ingham County Local Court Rules, which have been followed by the Court of Claims since the Court of Claims was made a division of the Ingham County Circuit Court in 1979.[1] We note that the Ingham County Local Court Rules do not appear in the publication of the Michigan Court Rules of 1984 by West Publishing Company. The Ingham County Local Court Rules require a party to file a demand for a pretrial and trial before a case will be put on the docket calendar. The record reveals that the failure of either party to file a demand for a pretrial and trial was the only cause for the lack of progress in the case.

[1] MCL 600.6404; MSA 27A.6404.

In *Eliason Corp, Inc v Dep't of Labor,*[2] this Court recently noted that prior decisions have held that a trial court abuses its discretion in dismissing a cause of action solely on the ground that plaintiff failed to praecipe her case for trial, where plaintiff's failure was due to her attorney's inadvertence, where defendant had an equal right to notice the case for trial, and where plaintiff had otherwise been prosecuting her claim with diligence.

One of the decisions noted in *Eliason* is directly analogous to the situation presented in this case. In *Hurt v Cambridge,*[3] the trial court dismissed the plaintiff's case for a 14-month lack of progress. The only reason given by plaintiff for the lack of progress was her attorney's inadvertent failure to praecipe the case for trial, since he was unaware of a local court rule requiring a praecipe. This Court held that the trial judge abused his discretion in imposing the drastic sanction of dismissal of a plaintiff's case under GCR 1963, 501.3, based solely on the failure to praecipe the case for trial. This Court specifically noted that the defendant had equal opportunity to praecipe the case for trial and failed to do so, effectively acquiescing in the delay. In addition, it was noted that the plaintiff had not deliberately failed to move the case to trial and had acted promptly and diligently to get the case reinstated and back on track after the dismissal for no progress.

In the subsequent decision of *Heaney v Verson Allsteel Press Co, Inc,*[4] this Court affirmed a trial judge's reinstatement of a case that had been dismissed due to plaintiff's failure to praecipe the

[2] 133 Mich App 200, 204; 348 NW2d 315 (1984).

[3] 21 Mich App 652; 176 NW2d 450 (1970), lv den 384 Mich 760 (1970).

[4] 64 Mich App 597; 236 NW2d 155 (1975).

case for trial. The *Heaney* Court applied the following four factors to determine if a dismissal for lack of progress was appropriate: (1) whether the defendant could avoid the delay by simply noticing the case for trial; (2) whether the lack of progress was deliberate or unexplained; (3) whether the plaintiff was pursuing the claim diligently; and (4) whether the defendant had shown that it was actually prejudiced by the delay.

Applying the four factors to the within case, we first note that under the Ingham County Local Court Rules defendant could have filed a demand for trial at any time and, thus, avoided the 18-month delay. Defendant admits that it was aware of the local court rule requirements. Second, defendant does not assert that plaintiff deliberately delayed the matter. Plaintiff provided an adequate explanation for the delay due to her counsel's inadvertent failure to file a demand for trial. Third, plaintiff was pursuing her claim diligently. She was waiting for defendant to answer interrogatories, was prepared to go to trial and contested the dismissal of her case immediately upon learning of the dismissal. Fourth, defendant has failed to make a showing of actual prejudice caused by the delay. Therefore, all four of the *Heaney* factors weigh in favor of plaintiff's claim that the Court of Claims judge abused his discretion in dismissing the case.

Based on this Court's decision in *Hurt, supra,* and application of the four factors listed in *Heaney, supra,* we conclude that, for purposes of GCR 1963, 501.3, plaintiff sufficiently established that the lack of progress in this case was not due to fault or lack of reasonable diligence on her part. Therefore, the Court of Claims judge abused his discretion in dismissing plaintiff's case for lack of progress.

Reversed and remanded.