SAND v GENERAL MOTORS CORPORATION

Docket No. 88242. Submitted July 8, 1986, at Lansing. Decided October 7, 1986. Leave to appeal applied for.

Darrell R. Sand filed a complaint on April 28, 1980, in the Ingham Circuit Court against General Motors Corporation alleging age discrimination in employment. The trial court, Carolyn Stell, J., dismissed the suit with prejudice on October 1, 1985, for lack of progress. Plaintiff appeals.

The Court of Appeals *held:*

The record provided sufficient justification for dismissal with prejudice. The plaintiff's actions within the year preceding dismissal failed to move the case toward resolution.

Affirmed.

ACTIONS — DISMISSAL — NO PROGRESS — APPEAL.

Dismissal of a suit for want of prosecution is a question left to the sound discretion of the trial court; appellate review of the court's decision is limited to whether justification exists in the record for the court's ruling.

*Donnelly, Huizenga, Wahl & Hagan, P.C.* (by *Timothy G. Hagan* and *Beth M. Rivers*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *David E.S. Marvin*), for defendant.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

REFERENCES

Am Jur 2d, Pleading §§ 226 *et seq.*

What constitutes bringing an action to trial or other activity in case sufficient to avoid dismissal under state statute or court rule requiring such activity within stated time. 32 ALR4th 840.

See also the annotations in the Index to Annotations under Dismissal, Discontinuance, and Nonsuit.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. On October 1, 1985, plaintiff's age discrimination suit was dismissed with prejudice. Plaintiff appeals as of right. We affirm.

Plaintiff filed a complaint on April 28, 1980, alleging defendant's decision to demote him from an "unclassified bonus" position to a grade 8 position was based on age discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* Between April, 1980, when plaintiff filed his suit, and October, 1985, when the suit was dismissed, plaintiff filed two sets of interrogatories and deposed one witness. Plaintiff avoided dismissal for lack of progress in April, 1982, by stating that he had been awaiting the outcome of a similar case and by assuring the trial court that discovery would be complete in sixty days.

Plaintiff alleges that the present dismissal was improper, because MCR 2.502(A) only allows for dismissal in actions where no steps or proceedings were taken in the prior year, and in the instant case defendant had propounded interrogatories and noticed depositions in the past year.

Dismissal of a suit for want of prosecution is a question left to the sound discretion of the trial court. *Eliason Corp, Inc v Dep't of Labor,* 133 Mich App 200, 203; 348 NW2d 315 (1984). Appellate review is limited to whether justification exists in the record for the trial court's ruling. *Hurt v Cambridge,* 21 Mich App 652, 658; 176 NW2d 450 (1970), lv den 384 Mich 760 (1970).

In the instant case, the record provided sufficient justification for dismissal with prejudice. Plaintiff's actions within the year preceding dismissal included filing a set of redundant interrogatories and allegedly noticing four depositions on people whose names had been in plaintiff's possession since 1981. Plaintiff's actions failed to move the case toward resolution, as required by *Penn-*

*walt Corp v Public Service Comm #1,* 136 Mich App 530, 534; 357 NW2d 712 (1984).

Although dismissal with prejudice is a harsh remedy, it was appropriate.

Affirmed.