MAXWELL v UNIVERSITY OF MICHIGAN

Docket No. 90330. Submitted February 12, 1987, at Lansing. Decided April 20, 1987.

Vincent Maxwell, after being discharged from his employment with the University of Michigan, exhausted his administrative remedies and then erroneously filed a civil suit against the University of Michigan in the Wayne Circuit Court. That court granted accelerated judgment in favor of defendant on the ground that plaintiff's claim was exclusively within the jurisdiction of the Court of Claims. Maxwell then filed his wrongful discharge suit against the University of Michigan in the Court of Claims on October 26, 1983. Defendant answered and scheduled a deposition with plaintiff. Defendant cancelled the deposition, and it was never rescheduled. In November, 1985, the Court of Claims notified plaintiff that the case had been placed on the no-progress docket. When plaintiff contacted the court, he was told to bring his trial demand at a hearing set for January 7, 1986. At the hearing, plaintiff argued that, although no discovery had taken place in the past year, he was ready for trial because sufficient discovery had already been conducted in other previous proceedings. Plaintiff also asserted that he had been waiting for defendant to reschedule the deposition. The court, Jack W. Warren, J., rejected plaintiff's demand for a trial date and ruled that since there had been no other trial demand by plaintiff the case was dismissed with prejudice under MCR 2.502. Plaintiff appealed.

The Court of Appeals *held:*

The Court of Claims erred as a matter of law by dismissing the case with prejudice for no progress under MCR 2.502. No cutoff date for discovery had ever been set under the local court rule in effect at the time the suit was filed, and under the local court rule which became effective on March 1, 1985, there is no requirement that a party file a demand for a pretrial and trial before a case will be put on the docket calendar. Absent such a

REFERENCES

Am Jur 2d, Pretrial Conference and Procedure §§ 6 *et seq.*

See the annotations in the Index to Annotations under Pretrial Conferences.

local court rule, the trial court may not dismiss this case because the basis for dismissal is the court's own noncompliance with the requirement of MCR 2.501 that the court itself set the case for trial.

Reversed and remanded for further proceedings.

ACTIONS — TRIAL — SCHEDULING — COURT RULES.
A court, following the time of completion of discovery, must schedule a pretrial conference, schedule the action for mediation, or schedule the action for trial unless a local court rule is in effect which alters those requirements (MCR 2.501[A][1]).

*Thomas A. Smith,* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Gregory V. Murray*), for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and R. J. PAJTAS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the January 7, 1986, order of Ingham Circuit Judge Jack W. Warren, sitting in the Court of Claims, dismissing with prejudice for no progress plaintiff's wrongful discharge suit pursuant to MCR 2.502. The judge found that plaintiff failed to show that progress was in fact being made in the case and that the failure to prosecute was due to the fault or lack of reasonable diligence of the plaintiff. Plaintiff's attorney argued unsuccessfully that though no discovery had taken place in the past year, he was ready for trial because sufficient discovery had been conducted in prior administrative proceedings before the case was filed in the Court of Claims. Plaintiff also asserted that defendant had cancelled its deposition of plaintiff in the past year and that he had been waiting for defendant to reschedule the deposition. The trial court rejected plaintiff's demand for a trial date at the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

January 7, 1986, hearing and ruled that, since there had been no other trial demand by plaintiff, the case was dismissed with prejudice.

The facts indicate that on August 13, 1981, plaintiff was discharged from his employment with defendant. Plaintiff exhausted his administrative remedies with defendant, which, on April 14, 1982, affirmed his discharge. He then erroneously filed civil suit in the Wayne Circuit Court, which granted accelerated judgment on the basis that his claim was exclusively within the jurisdiction of the Court of Claims. This Court affirmed that decision in an unpublished opinion per curiam decided October 18, 1983 (Docket No. 66449).

Plaintiff commenced suit in the Court of Claims on October 26, 1983. Defendant answered on or about November 18, 1983. Plaintiff's deposition was originally noticed for December 20, 1984, and then adjourned to January 10, 1985. Defendant's attorney apparently cancelled the deposition for personal reasons, and it was never rescheduled. Plaintiff's attorney states that when he was notified in November, 1985, that the case had been placed on the no-progress docket, he contacted the court and was told to bring his trial demand at the January 7, 1986, hearing. We conclude that the trial court erred as a matter of law by dismissing the case with prejudice for no progress under MCR 2.502.

MCR 2.502, Dismissal for Lack of Progress, provides in pertinent part:

(A) Notice of Proposed Dismissal. At least once in each calendar quarter, the court may notify the parties in those actions in which no steps or proceedings appear to have been taken within one year (182 days in district court) that the action will be dismissed for lack of progress unless the

parties appear as directed by the court and show that progress is in fact being made or that the failure to prosecute is not due to the fault or lack of reasonable diligence of the party seeking affirmative relief. The notice shall be given in the manner provided in MCR 2.501(C) for notice of trial.

(B) Action by Court.

(1) If a party does not appear as directed by the court, or does not make the required showing, the court may direct the clerk to dismiss the action for want of prosecution. Such a dismissal is without prejudice unless the court specifies otherwise.

(2) An action may not be dismissed for lack of progress

(a) if it is set for trial,

(b) if a pretrial conference is scheduled, or

(c) before the date specified for completion of discovery under MCR 2.301.

Our Court recently construed this court rule in a wrongful discharge case involving the same defendant who was represented by the same law firm in the Court of Claims. In *Denham v University of Michigan,* 151 Mich App 77; 390 NW2d 204 (1986), Court of Claims Judge Robert Holmes Bell dismissed the case when the plaintiff failed to appear at the time of the general "no progress" call. Upon rehearing, the judge refused to reinstate the case, after ruling that the plaintiff had failed to show that the lack of progress was not due to her fault or lack of due diligence. Judge BEASLEY, writing for this Court, found that the Court of Claims abused its discretion in dismissing the plaintiff's case solely on the basis that neither the plaintiff nor defendant filed a demand for a pretrial and trial as required by the Ingham Circuit Court Local Rules.

Defendant asserts that this case is distinguishable from the fact situation in *Denham* because

significant discovery had taken place in that case and the failure to file a demand for trial was the only cause for lack of progress in that case. Defendant argues that in this case, by contrast, plaintiff failed to prosecute the case in any way. Defendant, citing *Eliason Corp, Inc v Dep't of Labor,* 133 Mich App 200, 204-205; 348 NW2d 315 (1984), contends that plaintiff's discovery activities in his prior administrative hearing, the investigations conducted by the Equal Employment Opportunity Commission and by the Michigan Department of Civil Rights, do not excuse his inactivity in the Court of Claims. Defendant adds that no abuse of discretion will be found if there is "any justification in the record" for the trial court's dismissal with prejudice for no progress. *Hurt v Cambridge,* 21 Mich App 652, 658; 176 NW2d 450 (1970).

We disagree with defendant and find that in this case the trial judge erred as a matter of law. While plaintiff erroneously asserts that the one-year discovery cutoff period from the time of filing the complaint under MCR 2.301 had just passed in November, 1985 (actually two years had passed), apparently no discovery cutoff had ever been set under the former court rule which was effective at the time the suit was filed. MCR 2.501(A)(1), concerning scheduling trials, provides:

> (1) Following the time of completion of discovery as determined under MCR 2.301, *the court shall* schedule a pretrial conference under rule 2.401, scheduled the action for mediation under MCR 2.403, *or schedule the action for trial.* [Emphasis added.]

Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.502, Author's Comment, p 11, states in relevant part:

At the conclusion of the time set for discovery, the *court* [1] must set the action for pretrial or trial. Thus all actions in which an answer has been filed are precluded from the operation of MCR 2.502 until trial or other disposition of the action is completed.

---

[1] In circuits which have approved local court rules requiring that one of the parties file a demand for trial, etc. before trial or pretrial is scheduled, those cases in which no such demand is filed within one year from the close of discovery are also subject to dismissal under the provisions of Rule 2.502. The authors would note, however,that the individual circuit must have passed a local court rule altering the provisions of MCR 2.501(A) before it may dismiss a case under MCR 2.502. If it has not, but simply possesses an informal procedure calling for such filings, the authors question how the court may dismiss an action when the basis for dismissal is the court's own noncompliance with MCR 2.501, i.e., if the court had complied with MCR 2.501 and independently set the case for trial, the case would not be subject to dismissal under MCR 2.502.

---

Judge BEASLEY in *Denham, supra,* p 80, points out that the Court of Claims has followed the Ingham Circuit Court Local Rules since the Court of Claims was made a division of the Ingham Circuit Court in 1979 pursuant to MCL 600.6404; MSA 27A.6404. However, while the Ingham Circuit Court (Thirtieth Judicial Circuit) Local Rules may have formerly required a party to file a demand for a pretrial and trial before a case will be put on the docket calendar, the current Local Court Rules which became effective on March 1, 1985, with the new Michigan Court Rules contain no such provision. See Michigan Rules of Court 1986 (West Publishing Co), pp 755-760. Thus, as the commentators suggest, absent such a local court rule, the trial court may not dismiss this case because the basis for dismissal is the court's own noncompliance with the MCR 2.501 provision that the court itself must set the case for trial.

Because the trial court erred as a matter of law in dismissing plaintiff's lawsuit, the decision is

reversed and the case is remanded for further proceedings.[1]

Reversed and remanded.

---

[1] Even if we concluded that the trial court was not wrong as a matter of law in dismissing the case, we would be constrained to hold that the trial judge abused his discretion in doing so. The *Denham* Court cited the following test articulated in *Heaney v Verson Allsteel Press Co, Inc,* 64 Mich App 597; 236 NW2d 155 (1975), to determine if a dismissal for lack of progress was appropriate:

> (1) whether the defendant could avoid the delay by simply noticing the case for trial; (2) whether the lack of progress was deliberate or unexplained; (3) whether the plaintiff was pursuing the claim diligently; and (4) whether the defendant had shown that it was actually prejudiced by the delay. [151 Mich App 82.]

Applying these factors to this case defendant could have filed its own demand for trial and avoided the delay. Second, the lack of progress was at least to some degree attributable to defendant, which cancelled and never rescheduled the deposition of plaintiff. Third, whether or not plaintiff was actually pursuing his claim with diligence, he stated at the hearing that his case preparation was complete and he was ready for trial. Finally, defendant offered nothing at the hearing or in its appeal to suggest that it was actually prejudiced by the delay.

Defendant's focus on plaintiff's failure to prosecute is not persuasive. Plaintiff should not be required to "push" defendant to reschedule his deposition in order for plaintiff to avoid dismissal. While *Eliason Corp, supra* and this Court's recent decision in *Sand v General Motors Corp,* 155 Mich App 330; 399 NW2d 510 (1986), are predicated on the plaintiffs' lack of discovery efforts and the "any justification" standard for affirmance, neither principle justifies dismissal in this case.