BELL v FUKSA

Docket No. 90120. Submitted October 8, 1986, at Lansing. Decided April 22, 1987. Leave to appeal applied for.

Ida D. Bell brought an action in the Ingham Circuit Court against George Fuksa, M.D., P.C., and George Fuksa on March 6, 1984. Defendants filed an answer on April 23, 1984, and served interrogatories on plaintiff on approximately April 30, 1984. Thereafter, nothing further was done in the file. The case was placed on the no-progress calendar in July of 1985. After the no-progress docket was published and sent out, plaintiff filed her answers to the interrogatories on September 13, 1985. Two weeks later, plaintiff's counsel filed an affidavit with the court to save the action, stating that plaintiff had a meritorious claim and that the case had been allowed to become dormant inadvertently by plaintiff's counsel. On October 1, 1985, at the calendar call for the no-progress docket, plaintiff's counsel stated on the record that the case had gone by unnoticed because of a problem with the office filing system and had become dormant by mistake. Plaintiff's counsel indicated that if the case could be saved plaintiff would be ready within a ninety-day period to either have the case mediated or set for trial. The trial court, Carolyn Stell, J., dismissed plaintiff's suit with prejudice for no progress due to a lack of diligence on the part of plaintiff. Plaintiff's motion to reinstate the action was denied. Plaintiff appealed.

The Court of Appeals *held:*

1. The Court of Appeals applied the Michigan Court Rules of 1985.

2. The trial court erred in relying on a local court rule which

REFERENCES

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 41 *et seq.*

Propriety of dismissal for failure of prosecution under 41(b) of Federal Rules of Civil Procedure. 20 ALR Fed 488.

Judicial qualification of provision of Rule 41(b) of Federal Rules of Civil Procedure that dismissal for failure to prosecute or to comply with federal rules or court order, and certain other dismissals, operate as an adjudication upon merits. 5 ALR Fed 897.

Dismissal of civil action for want of prosecution as res judicata. 54 ALR2d 473.

had not been approved by the Supreme Court in dismissing the suit in derogation of the Michigan Court Rule requiring that, following the time for completion of discovery, the court set the matter for pretrial, mediation or trial.

Reversed and remanded.

PRETRIAL PROCEDURE — DISMISSAL — LACK OF PROGRESS — COURT RULES.

Actions in which an answer has been filed may not be dismissed involuntarily until trial or other disposition of the action is completed (MCR 2.502).

*Aymond, Sullivan, Whedon & Thompson, P.C.* (by *Dennis E. Whedon*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *George M. Brookover* and *James B. Doezema*), for defendants.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. Plaintiff appeals as of right from an order of the Ingham Circuit Court of January 2, 1986, which denied plaintiff's motion to reinstate this medical malpractice action. Plaintiff originally filed this case on March 6, 1984. Defendants filed an answer on April 23, 1984, and served interrogatories on plaintiff on approximately April 30, 1984. Thereafter, nothing further was done in the file.

According to the calendar entries filed with this Court, the case was placed on the no-progress calendar in July of 1985. After the no-progress docket was published and sent out, plaintiff filed her answers to the interrogatories on September 13, 1985. Two weeks later, plaintiff's counsel filed an affidavit with the court to save the action, stating that plaintiff had a meritorious claim and that the case had been allowed to become dormant inadvertently by plaintiff's counsel.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On October 1, 1985, at the calendar call for the no-progress docket, plaintiff's counsel stated on the record that the case had gone by unnoticed because of a problem with the office filing system and had become dormant by mistake. Plaintiff's counsel indicated that if the case could be saved plaintiff would be ready within a ninety-day period to either have the case mediated or set for trial. The trial court dismissed plaintiff's suit with prejudice for no progress due to a lack of diligence on the part of plaintiff. Plaintiff's motion to reinstate the action was denied by an order from which plaintiff appeals.

The issue presented for our consideration is whether dismissal with prejudice for lack of progress was proper under MCR 2.502 given the circumstances of this case. We conclude that dismissal was not the proper disposition of this admittedly neglected lawsuit in light of MCR 2.301 and MCR 2.501. We conclude that this case does not come within the parameters of MCR 2.502. We reverse and remand for further proceedings.

A preliminary determination is whether the 1963 court rules or the 1985 court rules apply. MCR 1.102 provides:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

It has been recognized that the norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules. *Davis v O'Brien,* 152 Mich App 495, 500; 393

NW2d 914 (1986), lv den 426 Mich 869 (1986). We further note that the trial court relied upon the 1985 court rules below, and the parties have argued MCR 2.502 on appeal. Thus, we proceed by applying the 1985 court rules.

Although the parties and the trial court have focused upon MCR 2.502, we believe that an expanded application of the court rules is necessary to properly review and decide this case. Specifically, we turn to the framework established by MCR 2.301 and 2.501. This new framework marks a significant departure from the 1963 court rules, particularly with respect to the type of cases suitable for dismissal.

MCR 2.301(A) provides:

> (A) Discovery must be completed 1 year after an answer has been filed unless the court sets another date by order
> (1) on its own initiative,
> (2) on motion of a party, or
> (3) at a pretrial conference.

The pertinent portion of the Staff Comments provides:

> MCR 2.301 covers the time for completion of discovery. The corresponding provision of the General Court Rules is GCR 1963, 301.7, which sets the discovery cutoff at the pretrial conference or the waiver of a pretrial conference. Under MCR 2.301 discovery must be completed 1 year after an answer is filed unless the court sets another date.

The history of this court rule is offered on pages 146-147 of 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed):

> Though the General Court Rules of 1963 were

silent on point, it wasn't long before the various courts in this state began imposing cut-offs on discovery proceedings in an attempt to control their ever growing docket problems. Rule 2.301 owes its origin to a long series of general and local rules, all establishing some cut-off date for discovery proceedings. As early as 1971, with the adoption of GCR 301.7, which required all discovery to be completed by conclusion of the pretrial conference, the courts have experimented with permitting different periods of time for discovery proceedings. GCR 314 (applicable only in Wayne County) even went so far as to establish two different dockets, a regular docket and a special docket. Discovery on the regular docket had to be completed within 6 months after service of the summons and complaint on all defendants. If the case was on the special docket, 15 months was permitted for discovery. Rule 314 was repealed in 1978, and new local rules established permitting discovery until 4 months prior to trial. In areas outside of Wayne County, GCR 301.7 presumptively terminated discovery on completion of the pretrial conference. Yet in practice this was not true as many circuits, relying on the authority of GCR 301.8, eliminated the pretrial conference by local rule or administrative order.

The very existence of a time limit on discovery proceedings is and will continue to be the subject of an ongoing controversy between the members of the practicing bar and the court officials and administrators in this state. Most attorneys feel that discovery should be permitted up to the date of trial, while most all court personnel, particularly those on the state level, indicate that any effective docket control system must, at a minimum, be able to determine which cases on the docket are ready for trial. Unless some arbitrary discovery cut-off exists, there is no way of knowing whether or not the parties are prepared for trial in that particular action.

Studies have also indicated that, particularly in complex actions, early involvement of the trial

judge serves to simplify matters, keeps the action progressing, and expedites trial of the action. In the ordinary action, however, early intervention of the trial judge is not necessary, and even a pretrial conference serves little useful purpose. The problem is one then of identifying those complex actions which will benefit from early judicial intervention. A requirement that the parties seek court permission for extended discovery is one method to bring the desired cases to the attention of the trial court.

Rule 2.301 reflects a compromise on the part of all parties involved in the judicial process. The one year cut-off is lengthy enough to accommodate most normal actions, yet not so long as to disrupt the trial schedules of circuits in less populated areas of this state. It is also a sufficiently lengthy period of time for counsel to recognize that additional time may be necessary in an individual case, and to apply to the court for the time needed.

Applying MCR 2.301 to the instant case, the one-year cutoff would have occurred in April of 1985, one year after the answer was filed. If plaintiff's counsel had found this inactive case, a motion to extend discovery could have been filed . MCR 2.301(A)(2). It has been noted that the court rule places no minimum or maximum time limits on when a motion requesting additional discovery may be filed. 2 Martin, Dean & Webster, *supra,* p 150. The timing of the motion may be taken into consideration by the trial court in its determination of whether the motion should be granted. *Id.*

As a sidelight, we note that the relatively barren court file found by the trial court in this case may become the norm under the 1985 court rules. Under MCR 2.302(H)(1), requests, responses, depositions and other discovery materials may not be filed with the court, with certain exceptions (not applicable here), unless a particular rule requires

filing of discovery materials. This is a new provision which differs from prior Michigan practice and from the federal rules. MCR 2.302, Staff Comment. Thus, the court file will not always reflect the amount and extent of pretrial activity and will not always disclose which cases are proceeding with discovery and which cases have become lost in a law office's filing system.

MCR 2.501(A)(1), the court rule central to our analysis, provides:

> Following the time for completion of discovery as determined under MCR 2.301, the court shall schedule a pretrial conference under rule 2.401, schedule the action for mediation under MCR 2.403, or schedule the action for trial.

The background and evolution of MCR 2.501(A)(1) are described by 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 2-3:

> Although it is a fairly short rule, MCR 2.501 plays a central role in the processing of cases through the Michigan court system. Even though it was patterned after GCR 501, the new rule really bears little resemblance to its former counterpart. The rule was designed not only to establish a somewhat uniform method by which cases are scheduled for trial, but also to eliminate some of the abuses that had arisen in the trial scheduling procedures of the various courts over the past 20 years. As experience under the rule is limited, only time will tell whether this rule will be observed more in its breach, than in its compliance.
>
> *   *   *
>
> At the time that the original drafts of what would become the Michigan Court Rules of 1985 were prepared, the amount of criticism directed at the case processing procedures existing in the

various counties dictated that an in-depth study be
, made as to the actual manner in which cases
. proceeded through the trial courts, from time of
filing to entry of judgment. That study revealed
that (1) there was little uniformity in the methods
by which cases were actually scheduled for trial
and disposition; (2) there was no way to tell ex-
actly how many cases in the Michigan court sys-
tem were actually ready for and awaiting trial at
any given time; (3) severe backlogs in the court
system did exist; (4) courts in which the trial judge
became involved in the case early in the action
normally had smaller backlogs; (5) attorneys fre-
quently received too little advance notice of the
actual trial date; and (6) the responsibility for
processing actions through the court system
should rest with the court, not with the attorneys
and parties.

In an attempt to at least identify, if not cure,
the actual problems present within the system, it
was first decided that the new rules must contain
some sort of discovery cutoff, after which point in
time it could at least be presumed that the parties
were ready for trial. Without such a time limit, it
would be impossible to tell whether the existing
delays were attributable to pretrial preparations
(as claimed by the bench), or to the actual inability
to obtain a true trial date (as claimed by the bar).
Rule 2.301 thus came into existence.

The application of MCR 2.501(A)(1) is described
by Martin, Dean & Webster, *supra,* pp 4-5, this
way:

MCR 2.301 provides that, unless otherwise or-
dered by the court, all discovery in an action must
be completed within 1 year from the time that an
answer is filed. At the conclusion of the time
permitted for discovery, the rule requires that the
court take one or more steps to move the case
towards final disposition. The court must either:
a. *Schedule the action for trial.* It may do so by

placing the case on a list of actions awaiting trial (trial calendar), by setting a trial date, or by another method in use in that court. MCR 2.502(A)(3) places only one limitation on the actual method utilized by the trial court, thus giving the trial courts wide latitude in this matter. The limitation imposed is that, whatever the method used, it must not depend upon a party's request, i.e., the court may not utilize a system by which trial of a matter is not scheduled until one or both parties file a "Demand for Trial", "Trial Praecipe", or like document.[6] The court is to place the matter on the trial calendar, or other method used to schedule trials, "without the request of a party."

b. *Schedule a pretrial conference under MCR 2.401.* At any pretrial conference held after the completion of discovery the court shall direct that the action be scheduled for trial. MCR 2.401(H)(1). Trial scheduling, however, does not preclude the scheduling of additional pretrials the court may deem necessary.

c. *Schedule the action for mediation under MCR 2.403.* If the mediation evaluation is rejected, the matter shall proceed to trial in the normal fashion, i.e., the court must schedule the matter either for pretrial or trial. See MCR 2.403(N)(1).

The Michigan Court Rules of 1985 presume that, by the close of discovery, the attorneys and parties are sufficiently familiar with all facets of the case to begin procedures designed to facilitate or effectuate final disposition. Rule 2.501(A) mandates that the court then step into the action and order that those steps most likely to achieve a prompt and fair disposition of the action be taken. The ideal manner by which the court should make the determination of which step to take is by actual review of each action pending before it. The rule does not prohibit, however, a standing order that, upon the close of discovery, all actions be ordered to mediation, scheduled for pretrial, or scheduled for trial.

---

[6] *The trial courts may, by local rule, adopt such a procedure.*

*Such local rules, however, have to be approved by the Supreme Court. See MCR 8.112.*

The reason for the restriction is basic. If the trial demand is not filed by the parties the case will get lost in the system until such time as it appears on a no progress docket or otherwise comes to the court's attention. Once again, the actual number of cases waiting for trial is unknown. To a lesser extent, the same reasons apply in situations in which the demand is filed, but is not filed promptly after the close of discovery. An uncontrolled variable is again introduced, making it impossible to accurately determine the number of cases ready for trial.

Rule 2.502(A) is one of the few rules which requires that the court (or the court clerk) take some affirmative action with respect to a case without that case first being brought to the court's attention by means of some document filed by a party. For this reason, the author anticipates that many counties will continue to require (at least informally) that the parties notify the court when a matter is ready for trial. As the court dockets become more and more computerized, however, this practice may change. In fact, demands for statistical data imposed upon the trial courts by the state and other units of government may dictate that it is in the court's own best interest to comply with the provisions of MCR 2.501(A). [Footnote 5 omitted; emphasis added.]

---

Although the Ingham Circuit Court may utilize a docket system by which one or both parties file a demand for trial, a request for pretrial conference or the like, our review of the Local Rules of the Thirtieth Judicial Circuit contained in the Michigan Court Rules of 1986 by West Publishing Company discloses no rule approved by the Supreme Court governing the scheduling of trial or pretrial conference. Michigan Rules of Court of 1986, West Publishing Company, pp 755-760. It does appear, however, that the Ingham County Local Court Rules require a party to file a demand for a pretrial and trial before a case will be put on the docket calendar. *Denham v University of Michigan,* 151 Mich App 77, 80; 390 NW2d 204 (1986). If the trial court is to continue to utilize this system, MCR 8.112(A)(2) would require the local court rule to be approved by the Supreme Court before the practice could be enforced.

We are not unaware of the burden that the 1985 court rules and this decision place upon our circuit courts. This is especially true since a number of the circuit courts are in the process of switching over to a computerized docket system which will better enable the courts to comply with the 1985 court rules. By our decision we wish to send to courts with backlogged dockets a sign encouraging them to move and clear their dockets by the methods authorized by MCR 2.501 and MCR 2.502. From our reading of the 1985 court rules, the circuit courts must follow the mandatory language of MCR 2.501 or may utilize another docket management system which has been adopted as a court rule and approved by the Supreme Court. In the instant case, neither circumstance exists.

Our reading of MCR 2.502, the Staff Comment, and Commentary suggests that the court rule governing dismissal for lack of progress is not properly invoked in this case. MCR 2.502(A) and (B) provide:

> (A) Notice of Proposed Dismissal. At least once in each calendar quarter, the court may notify the parties in those actions in which no steps or proceedings appear to have been taken within one year (182 days in district court) that the action will be dismissed for lack of progress unless the parties appear as directed by the court and show that progress is in fact being made or that the failure to prosecute is not due to the fault or lack of reasonable diligence of the party seeking affirmative relief. The notice shall be given in the manner provided in MCR 2.501(C) for notice of trial.
>
> (B) Action by Court.
>
> (1) If a party does not appear as directed by the court, or does not make the required showing, the court may direct the clerk to dismiss the action for

want of prosecution. Such a dismissal is without prejudice unless the court specifies otherwise.

(2) An action may not be dismissed for lack of progress

(a) if it is set for trial,

(b) if a pretrial conference is scheduled, or

(c) before the date specified for completion of discovery under MCR 2.301.

3) If an action is not dismissed under this rule, the court shall enter orders to facilitate the prompt and just disposition of the action.

A discussion of the background and application of the court rule may be found in 3 Martin, Dean & Webster, *supra,* pp 10-11:

> MCR 2.502 is one of the involuntary dismissal rules and it provides for the dismissal of actions due to a lack of progress. The current no progress rule draws its origins from GCR 501.3, though it retains the time provisions previously found in DCR 501.3 for actions commenced in the District Court. Under the case processing system basically set forth in MCR 2.301, MCR 2.401, and MCR 2.501, however, considerably fewer cases will find themselves subject to dismissal for lack of progress than were found under the 1963 rules.
>
> 1. Cases Subject to Rule
>
> A limited number of cases may be dismissed for lack of progress under MCR 2.502. The rule itself provides that an action may not be dismissed for lack of progress if
>
> (a) it is set for trial;
>
> (b) if a pretrial conference is scheduled; or
>
> (c) the time set for discovery has not yet passed.
>
> As discussed in the Authors' Comment to Rule 2.501, discovery time limits are automatically imposed upon an action on the filing of an answer to the action. *At the conclusion of the time set for discovery, the court[1] must set the action for pretrial or trial. Thus all actions in which an answer*

*has been filed are precluded from the operation of MCR 2.502 until trial or other disposition of the action is completed.* This leaves only two categories of actions subject to dismissal for no progress. The first category is those actions in which a complaint has been served on the defendant, but no answer is filed or other action taken thereafter to secure final judgment. The second category of cases is those in which a final disposition of the action has been made, through trial, mediation award, or otherwise, yet the prevailing party has not taken steps to secure the entry of a final judgment. As the reader may note, both categories of cases involve actions in which one of the parties is free to secure a final disposition, but for some reason has neglected the steps necessary to do so.

---

[1] In circuits which have approved local court rules requiring that one of the parties file a demand for trial, etc. before trial or pretrial is scheduled, those cases in which no such demand is filed within one year from the close of discovery are also subject to dismissal under the provisions of Rule 2.502. The authors would note, however, that the individual circuit must have passed a local court rule altering the provisions of MCR 2.501(A) before it may dismiss a case under MCR 2.502. If it has not, but simply possesses an informal procedure calling for such filings, the authors question how the court may dismiss an action when the basis for dismissal is the court's own noncompliance with MCR 2.501, i.e., if the court had complied with MCR 2.501 and independently set the case for trial, the case would not be subject to dismissal under MCR 2.502. [Footnotes 2-5 omitted, emphasis added.]

---

In this case, it appears that the Ingham Circuit Court has a local court rule which requires that one of the parties file a demand for trial, etc., before trial or pretrial is scheduled. However, it further appears that the local court rule has not been approved by the Supreme Court, contrary to MCR 8.112(A)(2), and has not been published in the Michigan Rules of Court of 1986, *supra.* Consequently, we do not believe that the trial court could properly dismiss this action under MCR

2.502 when it had not complied with MCR 2.501 or MCR 8.112(A)(2).

The result we reach is supported by the discussion of the proper application of MCR 2.502 contained in 3 Martin, Dean & Webster, *supra,* pp 11-12:

> 2. Notice of Proposed Dismissal for Lack of Progress
>
> Once every three months the courts will prepare a list of those cases in which no steps or proceedings appear to have been taken within one year (182 days in the District Court). The parties whose cases appear on that list (the no progress calendar) will be notified that unless the parties appear as directed by the court and show that progress is in fact being made, or that the failure to prosecute is not due to the fault or lack of reasonable diligence of the party seeking affirmative relief, the action will be dismissed for lack of progress.
>
> A party has a right to advance notice that the action may be dismissed for lack of progress, and the court may not dismiss the action without first notifying the party of the date and time that the no progress calendar will be called. See *Flack v Waite,* 18 Mich App 339; 170 NW2d 922 (1969). The court must give the required notice in the same manner in which it gives notices of trial assignments, i.e., by mailing or delivery of the notice to the attorneys and parties in pro per. See MCR 2.501(C) and MCR 2.107(C).
>
> 3. Action by the Court
>
> The court will call the cases on the no progress calendar on the date and time specified in its notice to the parties. When each case is called, any party may present proofs to show that the action was erroneously placed on the calendar, that progress was in fact being made in the case, or that the failure to prosecute the action was not due to the fault or lack of reasonable diligence of the party seeking affirmative relief.
>
> As noted above, the types of cases heard by the

court on the no progress calendar should differ considerably from those it encountered under the 1963 rules. The court should not be confronted with those actions in which the parties have not proceeded in a reasonable fashion towards trial. Other rules, principally MCR 2.401 and MCR 2.504,[8] have been designed to deal with those cases. Rather, the rule anticipates that the court will face only those cases in which one of the parties has failed to complete the paperwork necessary for the court to close its file in the action. In such instances, MCR 2.502(B)(3) suggests that the court direct that the necessary steps be taken within a limited period of time, and that on the party's continued failure to do so, the action be dismissed.

The ultimate decision as to whether or not an action should be dismissed for lack of progress rests within the sound discretion of the trial court. If the party seeking affirmative relief fails to appear as directed by the court, the rule anticipates that the court will dismiss the action. If a party appears and fails to make the required showing, the court may also order dismissal. In the latter instance, however, unless the proofs evidence a complete disregard for the action by the party, the authors suggest that the wisest action for the court to take is to grant the party a limited period of time within which to complete the action. It is most likely that the party's request to save the action from dismissal is uncontested, and that the party's desire to save the action is opposed only by the court's desire to clear its docket. MCR 1.105 would suggest that justice is best served by such an order in these instances.

---

[8] Actions previously dismissed for lack of progress under the 1963 rules for failure of the parties to attend pretrial, mediation, or to respond to trial calls are still subject to dismissal under the MCR, but not under MCR 2.502. See *Banta v Serban,* 370 Mich 367; 121 NW2d 854 (1963). [Footnotes 6 and 7 omitted.]

---

By our decision we seek to emphasize the policy

behind the 1985 court rules, namely, uniformity of procedure and the encouragement of affirmative steps taken by the trial courts to keep cases moving toward trial or other disposition. Although the 1985 court rules may not have been designed with the express purpose of saving a forgotten case, one unintended result may be that a forgotten case will not fall onto the no progress docket. Instead, a forgotten case may be swept onto the court docket for trial. A party who has failed to engage in discovery may either suffer the penalty or may move for additional time for discovery from the court, MCR 2.301.

Our decision may be in conflict with the decision reached by the panel in *Sand v General Motors Corp,* 155 Mich App 330; 399 NW2d 510 (1986), lv den 428 Mich 888 (1987). Although that decision was purportedly made under the 1985 court rules, we note that the published opinion did not consider the effect of MCR 2.501 or the other court rules. Further, that decision relied upon cases decided under the General Court Rules of 1963. Thus we disagree with the reasoning of that decision to the extent that a conflict exists.

In light of our decision that this case does not fall within the parameters of MCR 2.502, we do not address the issues addressed by the parties, namely, whether the trial court recognized it had discretion under MCR 2.502(C) in dismissing the action and whether it abused that discretion.

Reversed and remanded for further proceedings.

R. M. MAHER, J., concurred in result only.