BROWN v CITY OF DETROIT

Docket No. 92939. Submitted August 6, 1987, at Detroit. Decided
September 10, 1987.

In February, 1979, Linda M. Brown brought a medical malprac-
tice action in the Wayne Circuit Court against the City of
Detroit, doing business as Detroit General Hospital, alleging
that malpractice occurred in 1971 when plaintiff underwent an
appendectomy at the hospital. On March 17, 1981, Judge Lucile
A. Watts entered an order allowing plaintiff to amend her
complaint to add certain previously unnamed doctors as defen-
dants. The hospital opposed the order and sought a stay of
proceedings in order to seek an interlocutory appeal with the
Court of Appeals. Judge Watts entered an order staying pro-
ceedings on August 17, 1981, however, defendant never filed an
interlocutory appeal. On August 18, 1981, Judge Victor Baum,
the Wayne Circuit judge to whom plaintiff's case had been
assigned, entered an order dismissing plaintiff's action because
plaintiff's prior counsel had failed to appear at a scheduled
pretrial conference. Plaintiff thereafter discharged her counsel
and retained her present counsel in July, 1983. In March, 1986,
plaintiff moved to reinstate her case. Judge Lucile A. Watts
denied the motion to reinstate the case on May 9, 1986.
Plaintiff appeals from the denial of the motion for reinstate-
ment of the action.

The Court of Appeals held:

1. Judge Baum erred in dismissing plaintiff's action in the
first instance.

2. Judge Watts did not err in denying plaintiff's motion to
reinstate the case. Judge Watts did not abuse her discretion in
denying the motion.

3. There is no merit to plaintiff's contention that defendant
has not suffered prejudice as a result of the delay.

Affirmed.

REFERENCES

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 78 et seq.
Effect on filing of notice of appeal on motion to vacate judgment
under Rule 60(b) of Federal Rules of Civil Procedure. 62 ALR Fed
165.

APPEAL — REINSTATEMENT OF ACTIONS.
> The decision of a trial court to grant or deny a motion to reinstate a case is discretionary and will not be reversed absent an abuse of discretion.

*Law Offices of Diane M. Freilich* (by *Diane M. Freilich*), and *Steven Rabinovitz, P.C.* (by *Steven Rabinovitz*), for plaintiff.

*Kirk, McCargo & Arbulu* (by *Rasul M. Abdul-Raheem*), for the City of Detroit.

Before: SHEPHERD, P.J., and HOOD and T. M. BURNS,* JJ.

PER CURIAM. Plaintiff appeals as of right from a May 9, 1986, order of Wayne Circuit Judge Lucile Watts denying plaintiff's motion for reinstatement of her action, which had been dismissed on August 18, 1981, after plaintiff's prior attorney failed to appear at a scheduled pretrial conference. On appeal, plaintiff argues that the trial judge abused her discretion in denying plaintiff's motion for reinstatement of the action. We disagree and affirm.

A complete recitation of the facts is necessary for our disposition of this case.

In February, 1979, plaintiff filed her action alleging malpractice against Detroit General Hospital and three unknown doctors. According to plaintiff's complaint, the malpractice giving rise to the lawsuit occurred in 1971, when plaintiff underwent an appendectomy. The complaint alleges that a surgical wire was inadvertently sutured to plaintiff's abdominal wall. The wire was removed in 1978. Plaintiff's case eventually was mediated to a $15,000 award against the hospital.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

On March 17, 1981, Judge Watts entered an order allowing plaintiff to amend her complaint to add certain previously unnamed doctors as defendants. Defendant hospital vehemently opposed the order and sought a stay of proceedings in order to seek interlocutory appeal with this Court. Although an order staying proceedings was entered by Judge Watts on August 17, 1981, defendant apparently never filed an interlocutory appeal. Significantly, one day later, on August 18, 1981, Wayne Circuit Judge Victor Baum, the circuit judge to whom plaintiff's case had been assigned, entered an order dismissing plaintiff's action because plaintiff's prior counsel had failed to appear at a scheduled pretrial conference. Apparently the attorney believed that the order staying proceedings meant that his appearance at the pretrial conference was unnecessary. It does not appear that he contacted the trial judge to confirm that his appearance was unnecessary. Nor does it appear that he was served with a copy of the order of dismissal.

Action on plaintiff's case ceased as of the entry of the order of dismissal. According to plaintiff's brief, plaintiff discharged her counsel and retained her present counsel in July, 1983, almost two years after plaintiff's complaint was dismissed. Almost three years later, in March, 1986, plaintiff moved to reinstate her case. It is Judge Watts' denial of that motion which led to the instant appeal.

On appeal, plaintiff argues first that Judge Baum erred in dismissing plaintiff's action in the first instance and second that Judge Watts erred in refusing to set aside the dismissal. We agree with the first contention but disagree with the second.

We believe that Judge Baum erred in dismissing

plaintiff's cause of action. At the time the action was dismissed, an order had been entered by Judge Watts staying further proceedings. Consequently, plaintiff's prior attorney could have reasonably believed that he was not required to attend the pretrial conference. Moreover, from a review of the lower court record, it appears that Judge Baum's order of dismissal was entered without the benefit of service of a formal motion and notice upon plaintiff's attorney and without a hearing of any type. Finally, plaintiff's failure to immediately seek reinstatement of the case is perhaps explained by the fact that the attorney was never served with a copy of the order of dismissal.

Nonetheless, we do not believe that Judge Watts erred in denying plaintiff's motion to reinstate the case. The decision of a trial judge to grant or deny a motion for reinstatement is discretionary and will not be reversed absent an abuse of that discretion. *Boyd v St Lawrence Community Mental Health Clinic,* 411 Mich 1044; 309 NW2d 528 (1981). In *Flack v Waite,* 18 Mich App 339; 170 NW2d 922 (1969), this Court ruled that, although the plaintiff's cause of action had been improperly dismissed for lack of progress, the trial judge did not abuse his discretion in refusing to reinstate the case two years later upon the plaintiff's motion. We believe that *Flack* controls this case.

Plaintiff's motion to reinstate was not brought until nearly five years after the case was dismissed. While it is true that part of the delay was attributable to plaintiff's prior attorney, the fact remains that plaintiff's present counsel was retained in July, 1983. Once retained, she did not act on the case for nearly three years. We find no merit to counsel's contention that her failure to act is understandable given her belief that further

proceedings on the case were stayed pending defendant's interlocutory appeal. Counsel should have confirmed the status of the case at the time she assumed responsibility for it, since the interlocutory appeal, had it been filed, would have been pending for nearly two years at the time she was retained. Further, her delay of an additional three years before filing her motion is inexcusable.

Nor do we find merit to plaintiff's contention that defendant has not suffered prejudice as a result of the delay. The alleged act of malpractice occurred in 1971. Sixteen years have now passed, five years have passed since the case was dismissed. Everything about the case is now stale. If the case were reinstated, witnesses would have to be located. Some may have moved or died in the interim. Many would likely have difficulty remembering details. The same applies to the expert witnesses. Further, the defendant hospital has now closed. Its records would have to be located and searched. On these circumstances, we rule that Judge Watts did not abuse her discretion in denying plaintiff's motion.

Affirmed.